UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARLOS A. SANTIAGO,

                                     Plaintiff,

                                                                                           Case # 14-CV-6719-FPG

v.

                                                                                            DECISION AND ORDER

OFFICER SHAWN JORDAN and
RN JEANANNE ODEL,

                                       Defendants.
_____

## INTRODUCTION

      Plaintiff Carlos A. Santiago ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 against Rochester Police Officer Shawn Jordan ("Jordan") and Registered Nurse Jeananne Odel ("Odel"). Jordan seeks dismissal of Plaintiff's Amended Complaint (ECF No. 6) based on untimely service of process and lack of personal jurisdiction. *See* ECF Nos. 26, 27, 28. For the reasons set forth below, Jordan's motion is DENIED.

## RELEVANT BACKGROUND

      To properly address Jordan's motion, the Court will briefly discuss the procedural history of this action.

      On December 19, 2014, Plaintiff filed his initial complaint against Jordan, the City of Rochester Police Force, and the City of Rochester and a motion to proceed *in forma pauperis*. ECF Nos. 1, 2. On September 30, 2015, the Court granted Plaintiff's *in forma pauperis* motion and screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). ECF No. 3. The Court dismissed with prejudice the claims against the City of Rochester Police Force, but granted Plaintiff leave to amend his complaint by October 30, 2015. *Id.* at 7. The Court ordered that, if Plaintiff did not file an amended complaint by the deadline, only Plaintiff's claim against Jordan

would go forward and the Clerk of Court was to "cause the United States Marshal to serve a copy of the Summons, Complaint, and this Order upon Defendant Jordan." *Id.* at 7-8.

On October 30, 2015, Plaintiff moved for an extension of time file an amended complaint until December 30, 2015. ECF No. 4. By Text Order dated June 20, 2016, the Court noted that it had not heard from Plaintiff since he sought an extension on October 30, 2015 and instructed him that if he wished to file an amended complaint, he must do so by July 15, 2016. ECF No. 5. The Court advised Plaintiff that if an amended complaint were not filed, the case would proceed as a single cause of action against Jordan. *Id*.

On July 15, 2016, Plaintiff filed his Amended Complaint. ECF No. 6. The Court screened the Amended Complaint pursuant to §§ 1915(e)(2)(B) and 1915(A) and, by order dated February 6, 2017, dismissed Plaintiff's claims of conversion and negligence, dismissed the City of Rochester as a defendant, and directed the Clerk of Court to add "Nurse Jane Doe" as a defendant and to "cause the United States Marshal Service to serve copies of the Summons, Amended Complaint, and this Order upon Defendant Jordan." ECF No. 10.

On February 6, 2017, a summons was issued as to Jordan and mailed to the Marshal for service.[1] *See Santiago v. Jordan, et al.*, No. 6:14-cv-06719-FPG-JWF. Jordan filed an Answer (ECF No. 11) to the Amended Complaint on March 23, 2017, asserting untimely service of process as an affirmative defense. ECF No. 11 at 2. On March 24, 2017, Defendant Nurse Jane Doe was terminated as a defendant and Odel was added as a party to this action. *See id*. A summons was issued as to Odel and sent to the Marshal for service on March 27, 2017, which was returned

---

[1] Per Docket Entry No. 22, the summons was returned unexecuted on November 22, 2017. ECF No. 22. However, Jordan's memorandum of law and attorney Patrick Beath's supporting declaration each acknowledge that Jordan was served by mail on or about March 4, 2018. ECF No. 27 at 2; ECF No. 28 at 2. Furthermore, Jordan has attached a copy of the executed summons, dated March 4, 2018, as an exhibit to his memorandum of law. ECF No. 27-1 at 52. Jordan has not raised an issue regarding whether service was actually effected and has only challenged whether service was timely.

executed on April 27, 2017. *See id.*; ECF No. 16. The Court has not heard from Odel since the summons was returned executed and she has not filed an answer.

By Text Order dated September 22, 2017, the case was referred to Hon. Jonathan W. Feldman, United States Magistrate Judge, for all pretrial proceedings excluding dispositive motions. ECF No. 17. Judge Feldman subsequently issued an order for the parties to appear for a scheduling conference. ECF No. 18. On October 25, 2017, attorney John Parrinello filed a Notice of Appearance on behalf of Plaintiff. ECF No. 19.

On December 19, 2017, Jordan filed the instant motion, styled as a "motion for judgment on the pleadings," seeking dismissal of Plaintiff's Amended Complaint based on untimely service of process and lack of personal jurisdiction. ECF Nos. 26, 27, 28. Plaintiff filed a response to Jordan's motion on January 17, 2018 and Jordan filed reply papers on January 31, 2018. ECF Nos. 31, 31. On March 14, 2018, Judge Feldman issued an order staying discovery pending a decision on Jordan's motion. ECF No. 36.

## DISCUSSION

### I. Rule 4(m)

Federal Rule of Civil Procedure 4(m) provides that:

If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012).[2] Even where a plaintiff fails to show "good cause," a district court has discretion to otherwise extend the time for service. *See id.* (citing

---

[2] Since the filing of Plaintiff's Complaint, a new version of Rule 4(m), effective on December 1, 2015, shortened the amount of time for service to be accomplished from 120 days to 90 days. *See Robinson v. City of Buffalo*, 16-CV-00432(MAT), 2017 WL 2021528, at *4 (W.D.N.Y. May 12, 2017) (discussing the amendment to Rule 4(m)).

3

*Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)); *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010) ("We have interpreted this rule to give wide latitude to courts in deciding when to grant extensions on time to serve, including permitting courts to grant extensions even absent good cause.") (citing *Zapata*, 502 F.3d at 196).

**II.     Analysis**

Jordan purportedly brings his motion under Federal Rule of Civil Procedure 12(c). As a threshold matter, the Court notes that there is confusion regarding the appropriate procedural vehicle for Jordan's post-answer challenge based on untimely service of process. *See, e.g.*, *Parfitt Way Mgmt. Corp. v. GSM By Nomad, LLC*, No. 17-CV-0299 (GTS/CFH), 2018 WL 2364287, at *3-4 (N.D.N.Y. May 24, 2018) (construing a post-answer challenge to sufficiency of service of process as an "untimely" 12(b)(5) motion); *Stuart v. Paulding*, No. 12-CV-0025, 2014 WL 2011240, at *2 (N.D.N.Y. May 16, 2014) (same); *UMG Recordings, Inc. v. Frawley*, No. 1:08-CV-0765 (GTS/RFT), 2011 WL 13234394, at *4, n. 7 (N.D.N.Y. July 21, 2011) (noting that "[a] strong argument can be made that . . . a motion to dismiss relying on the defenses listed in . . . Fed. R. Civ. P. 12(b)(5) may *not* be filed post-Answer pursuant to Fed. R. Civ. P. 12(c)," but declining to reach the issue) (emphasis in original) (collecting cases); *Santiago v. City of New York*, No. 09 CIV 0856(BMC), 2009 WL 2734667, at *1-2 (E.D.N.Y. Aug. 25, 2009) (deciding the defendants' "Rule 12(c) motion to dismiss the complaint . . . for failure to effect timely service under Rule 4(m)" without addressing whether 12(c) was the appropriate procedural vehicle for a motion based on Rule 4(m)); *Nobriga v. Dalton*, No. 94 CV 1972 (SJ), 1996 WL 294354, at *1-3 (E.D.N.Y. May 28, 1996) (same).

---

Plaintiff's Complaint was filed electronically on December 19, 2014, so the pre-amendment 120-day timeframe is the operative version of Rule 4(m) for the Court's analysis.

However, the Court need not reach this issue to resolve Jordan's motion. By including it as an affirmative defense in his answer, Jordan has not waived his ability to challenge the timeliness of the service of process. "Once a defendant raises a challenge to the sufficiency of service of process, the plaintiff bears the burden of proving that service was adequate." *Robinson*, 2017 WL 2021528, at *3. This burden, and the Court's analyses of whether the Plaintiff has shown good cause or is entitled to a discretionary extension would be the same regardless of how the Court interprets Jordan's motion.[3]

The Court turns now to the merits of Jordan's motion.

**A. Service of Process Was Untimely**

Jordan asserts that service was untimely because the 120-day time limit for service expired on January 28, 2016 and he was not served until March 4, 2017. ECF No. 28 at 3. Plaintiff contends that service on Jordan was timely because "the [P]laintiff acted with good cause regarding the service on Jordan." ECF No. 31 at 2, 8.

Where a *pro se* plaintiff successfully applies for *in forma pauperis* status, "the 120 day period is tolled while the *in forma pauperis* application is pending." *Gonzalez v. L'Oreal USA, Inc.*, 489 F. Supp. 2d 181, 184 (N.D.N.Y. 2007); *see also Ocasio v. Fashion Inst. of Tech.*, 9 F. App'x 66, 68 (2d Cir. 2001) (summary order). Here, Plaintiff's *in forma pauperis* application was granted on September 30, 2015. ECF No. 3. Accordingly, to be timely, service had to be effected by January 28, 2016, and Jordan was not served until March 4, 2017. Plaintiff has failed to show

---

[3] Were the Court to construe Jordan's motion as a Rule 12(c) motion, an additional issue would be presented. Pursuant to Rule 12(c), a party may move for judgment on the pleadings "*[a]fter* the pleadings are closed." Fed. R. Civ. P. 12(c) (emphasis added). Here, Odel has not filed an answer so the pleadings are arguably not closed. However, Plaintiff has not raised this issue and Odel's answer would have no bearing on the outcome of Jordan's motion. *See Paskenta Band of Nomlaki Indians v. Crosby*, No. 2:15-cv-00538-MCE-CMK, 2016 WL 6094468, at *3 (E.D. Cal. Oct. 19, 2016) (finding the defendant's Rule 12(c) motion brought prior to the filing of his co-defendants' answers was not premature because the co-defendants' answers "would have no effect on [defendant's] Rule 12(c) motion" and requiring the defendant to "refile a new motion that is identical to the fully briefed motion before the Court" would "make[ ] little sense").

by a preponderance of the evidence that he timely served Jordan. *See Sims v. Wegmans Food Markets*, 674 F. Supp. 2d 429, 431 (W.D.N.Y. 2009).

### B. Time for Service Should Be Extended

Notwithstanding a plaintiff's failure to effect service within the 120-day period, "the Court must extend the time for service if the plaintiff shows good cause for the failure." *Parfitt Way Mgmt. Corp.*, 2018 WL 2364287, at *8.

"Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Robinson*, 2017 WL 2021528, at *6 (citations and internal quotation marks omitted). Thus, "inadvertence, neglect, mistake, or misplaced reliance does not constitute good cause." *Parfitt Way Mgmt. Corp.*, 2018 WL 2364287, at *8.

In this case, the Court granted Plaintiff's *in forma pauperis* motion and screened Plaintiff's complaint in a September 30, 2015 Decision and Order. ECF No. 3. In that order, the Court directed that, if Plaintiff did not file an amended complaint by October 30, 2015, only Plaintiff's claim against Jordan would go forward and the Clerk of Court was to "cause the United States Marshal to serve a copy of the Summons, Complaint, and this Order upon Defendant Jordan." *Id.* at 7-8. This language in effect informed Plaintiff, who was *pro se* at the time, that he had two options: (1) do nothing and, after the amendment deadline had passed, his claim against Jordan would move forward and the Clerk of Court would cause the Marshal to serve Jordan on his behalf; or (2) file an amended complaint by the October 30, 2015 deadline. Plaintiff clearly chose the latter, moving—albeit on the last day—for an extension of time to file an amended complaint until December 30, 2015. *See* ECF No. 4.

From that point, there was no docket activity until the Court's June 20, 2016 Text Order, instructing Plaintiff that if he wished to file an amended complaint, he must do so by July 15, 2016. *See* ECF No. 5. While it is true that Plaintiff took no action during the six-month period from December 2015 to June 2016 while his motion for an extension was pending and "[a]ffording leniency to litigants who have failed to make even the most basic efforts would render Rule 4(m) a toothless tiger," *Terry v. Village of Ossining*, No. 12 Civ. 5855 (ER), 2013 WL 5952834, at *3 (S.D.N.Y. 2013) (citation and internal quotation marks omitted), the Court could not reasonably expect Plaintiff to serve Jordan with an amended complaint while his motion for an extension of time to file such a complaint was pending. Furthermore, once the amendment deadline passed on October 30, 2015 and the Court had not ruled on Plaintiff's eleventh-hour extension motion, Plaintiff might have reasonably assumed, based on the Court's September 30, 2015 Order, that his initial complaint would move forward against Jordan without further action and service would be carried out by the Marshal.

Plaintiff, still proceeding *pro se* at the time,[4] filed the Amended Complaint on July 15, 2016. The Court undertook review of the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff did not serve Jordan during the pendency of the Court's review. However, there is no indication that he received the necessary forms to request service by the Marshals during this time or was notified that he should effect service after his Amended Complaint was filed. "While ignorance of the law, even in the context of *pro se* litigants, does not constitute good cause under Rule 4(m), the Court has an obligation to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Green*, 287 F.R.D. at 164 (citations, alterations, and internal quotation marks omitted).

---

[4] Plaintiff's attorney filed a notice of appearance on October 25, 2017—approximately seven months after Jordan was served.

7

Furthermore, the Second Circuit has recognized, in the context of *pro se* prisoner litigation, that "the interests of judicial economy counsel against the district court automatically ordering service by the Marshals" before screening a plaintiff's complaint. *See Nagy v. Dwyer*, 507 F.3d 161, 162 (2d Cir. 2007). The same considerations apply with equal force here.

The Court issued a Decision and Order regarding Plaintiff's Amended Complaint on February 6, 2017, dismissing certain claims and defendants and directing the Clerk of Court to "cause the United States Marshal Service to serve copies of the Summons, Amended Complaint, and this Order upon Defendant Jordan." ECF No. 10. This directive to the Clerk of Court to cause the Marshal to effect service "implicitly included a decision to allow late service." *See Gerena*, 617 F.3d at 203 ("It makes no sense that Judge Sand would order service by marshal almost a year after service originally should have been accomplished while not also intending to extend the time to serve.").

"While a plaintiff's pro se status is no excuse for failure to serve the defendant properly and does not automatically amount to good cause for failure to serve within the time allotted by Rule 4(m), the Court may nevertheless exercise its discretion and extend the time to serve." *Harper v. NYC Admin. Children's Servs.*, No. 09 Civ. 2468, 2010 WL 23328, at *2 (S.D.N.Y. Jan. 5, 2010). Based on the facts of this case, the Court's "responsibility to assist *pro se* plaintiffs in their efforts to serve process," *Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010), and the "Circuit's clearly expressed preference that litigation disputes be resolved on the merits," *Meija v. Castle Hotel, Inc.*, 164 F.R.D. 343, 346 (S.D.N.Y. 1996), the Court finds that an extension of time to serve is warranted. Thus, the Court extends the time to serve *nunc pro tunc* and accepts the service as timely.

## CONCLUSION

For the reasons stated, Jordan's motion (ECF No. 26) is DENIED. The parties are directed, per Judge Feldman's March 14, 2018 Order, to notify Judge Feldman of the disposition of this motion so a status conference may be scheduled.

IT IS SO ORDERED.

Dated: August 29, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court