UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CARLOS A. SANTIAGO

Plaintiff,

-vs-

OFFICER SHAWN JORDAN, AND

RN JEANANNE ODEL,

Defendants.
_____



DECISION AND ORDER

14-CV-6719-FPG-MJP

Plaintiff Carlos A. Santiago ("Santiago") has filed two motions to appoint counsel. (Mot. to App Counsel., Sep. 27, 2019, ECF No. 56 and Mot. to App Counsel, Nov. 15, 2019, ECF No. 63). Additionally, Santiago has filed a motion for extension of time to file with the second motion for counsel. Mot. for Extension of time to file, Nov. 15, 2019, ECF No. 63.

**Motions to Appoint Counsel**

I will first address the motions to appoint counsel. In Santiago's first motion to appoint counsel, he asked that Anne Marie Richardson, who works in the Buffalo Pro Se Assistance Program, to be appointed counsel. (Mot. to App Counsel., Sep. 27, 2019, ECF No. 56). The name Anne Marie Richardson does not appear on the New York State Unified Court System's database of Attorneys. Further, Santiago has shown that he is capable of handling his own case. Even if she did appear on the database, Santiago would not meet the other requirements for counsel.

1

Indigent civil litigants, unlike criminal defendants, do not have a constitutional right to counsel. See *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Nevertheless, a court has the discretion to appoint counsel to represent indigent litigants pursuant to *28 U.S.C. § 1915(e)* when the facts, of the case warrant it. *Sears, Roebuck & Co. v. Charles W Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988); see also *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Second Circuit set forth the factors to be considered in deciding whether or not to assign counsel in *Hodge v. Police Officers*:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir.1986). In applying the Hodge factors, I believe plaintiff's allegations satisfy the initial threshold showing of merit. Compare *McKenna v. Wright*, No. 01 Civ. 6571, 2003 WL 302225 (S.D.N.Y. Feb. 11, 2003) (finding plaintiff demonstrated that claim that he received inadequate medical need was "of substance" and that, ultimately, appointment of counsel was warranted), with *Crawford v. Johnson*, 9 F. Supp. 2d 222, 224 (W.D.N.Y. 1998) (holding that plaintiff did not sufficiently establish objective and subjective prongs of deliberate indifference standard when plaintiff claimed medical staff failed to properly diagnose plaintiff).

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Here, plaintiff's pro se complaint is detailed in nature and adequately describes the events that allegedly led to his injuries. The factual circumstances surrounding plaintiff's claims do not

2

appear to be unusually complicated and the legal issues alleged are not so complex as to make it impossible for plaintiff to proceed without counsel.

Accordingly, at this juncture at least, plaintiff appears sufficiently knowledgeable and equipped to understand and handle the litigation. See *Castro v. Manhattan E. Suite Hotel*, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel where "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case"). Given the limited resources available with respect to pro bono counsel, the Court finds no "special reason" why appointment of counsel now would be more likely to lead to a just determination. See *Boomer v. Deperio*, No. 03 CV 6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005) (denying motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of law); *Harris v. McGinnis*, No. 02 CV 6481, 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003) (denying motion for appointment of counsel where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"). Balancing the factors set forth in Cooper, the Court finds that appointing counsel is inappropriate at this time.

**Motion for Extension of Time to File**

Santiago moved for an extension of time to file interrogatories and document requests, which he included with his second motion for counsel. (Mot. for Extension of Time to File, Nov. 15, 2019, ECF No. 63). Due to Santiago's hospitalization from appendicitis, resulting in an appendectomy and a weeklong hospital stay, with further recovery at home, it is reasonable that the parties should propose a final case management order.

Plaintiff's motions to appoint counsel, Mot. to App Counsel., Sep. 27, 2019, ECF No. 56 and Mot. to App Counsel, Nov. 15, 2019, ECF No. 63 are therefore denied without prejudice.

Plaintiff's motion for extension of time to file, Mot. for Extension of time to file, Nov. 15, 2019, ECF No. 63, is granted. The proposed final case management order will be filed by the parties by January 8, 2020.

December 23, 2019
Rochester, New York

*[signature]*
MARK W. PEDERSEN
United States Magistrate Judge