

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CARLOS A. SANTIAGO,

                Plaintiff,

       v.

OFFICER SHAWN JORDAN AND
RN JEANANNE ODEL,

                Defendants.

REPORT AND RECOMMENDATION

14-CV-6719-FPG-MJP

Plaintiff Carlos A. Santiago ("Santiago") has filed a *pro se* motion to add parties to the complaint. (Mot. to Amend Am. Compl., Nov. 19, 2019, ECF No. 64.) As this incident took place on March 6, 2012, any claims against these officers are now time-barred as Santiago's cause of action against them accrued more than three years ago. *Owens v. Okure*, 488 U.S. 235, 251 (1989) (statute of limitations on § 1983 actions brought in New York is three years).

Under Rule 15(c)(1)(A), an amendment relates back to the date of the original filing where "the law that provides the applicable statute of limitations allows relation back." Here, New York law borrows the three-year statute of limitations. The "relation back" framework for adding new defendants under New York law is analogous to the federal framework. *See Buran v. Coupal*, 87 N.Y.2d 173, 178 (1995) ("we recently adopted the three-part test enunciated in *Brock v Bua* (83 A.D.2d 61, 443 N.Y.S.2d 407) now prevailing in the Federal and State courts for determining when the doctrine would permit the addition of a new party to relate back to an

earlier pleading."). Under subparagraph (B), Santiago's proposed addition "asserts a claim or defense that arose out of the" earlier transaction. Fed. R. Civ. P. 15(c)(1)(B). However, under Fed. R. Civ. P. 15(c)(1)(C), an amendment adding a party relates back to the time of filing of the original complaint only where, within 90 days following the filing of the original complaint, the newly added party "(i) receives such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

Neither in Santiago's motion, or in the amended complaint, is there an indication any of the officers Santiago proposes to add had notice of his action within 90 days of its commencement. The officers being added are not substitutions for unidentified officers but are new parties entirely who would be added without reasonable notice they were likely to be sued by Santiago. Therefore, Santiago's request to amend the complaint is time-barred because it was filed on November 19, 2019, well outside the deadline window.

Further, Santiago failed to comply with the Court's local rule requiring that a proposed amended pleading be attached to the motion. W.D.N.Y. Loc. R. Civ. P. 15(a). Additionally, Santiago failed to allege that any of the proposed additional parties was personally involved in a deprivation of his rights. *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977) ("In this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

## CONCLUSION

For the foregoing reasons, I recommend that Santiago's motion to amend his

amended complaint to add additional parties, ECF No. 64, be denied.

DATED:     December **20**, 2019
           Rochester, New York

MARK W. PEDERSEN
United States Magistrate Judge

3