UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CARLOS A. SANTIAGO,

                                    Plaintiff,                  Case # 14-cv-6719-FPG

v.                                                                             DECISION AND ORDER

OFFICER SHAWN JORDAN, et al.,

                                  Defendants.

## INTRODUCTION

On December 19, 2014, *pro se* Plaintiff Carlos A. Santiago filed a complaint for alleged violations of his constitutional rights arising from a traffic stop on March 6, 2012. ECF No. 1. On July 15, 2016, Plaintiff amended his complaint and named Officer Shawn Jordan, RN Jeananne Odel, and the City of Rochester as Defendants. ECF No. 6. The Court dismissed the City of Rochester as a Defendant. ECF Nos. 3, 10.

The Court referred this case to United States Magistrate Judge Mark W. Pedersen for all pretrial matters excluding dispositive motions. ECF No. 62. On November 19, 2019, Plaintiff filed a motion to add new parties to the Amended Complaint. He seeks to add officers who were allegedly on the scene during the traffic stop incident, and again seeks to add the City of Rochester. ECF No. 64 at 2-3.

On December 23, 2019, Judge Pedersen issued a Report and Recommendation ("R&R") in which he recommends that the Court deny the motion because adding the new parties would be futile: the statute of limitations has expired and amendment would not relate back. ECF No. 68. Judge Pedersen indicated in a docket entry, which was mailed to Plaintiff, that Plaintiff had 14 days after he received the R&R to file objections. Plaintiff filed objections on January 23, 2020. ECF No. 69.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(C), a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also* Fed. R. Civ. P. 72(b)(2). When a party does not object to the R&R, however, the court will review it for clear error. *EEOC v. AZ Metro Distributors*, *LLC*, 272 F. Supp. 3d 336, 339 (E.D.N.Y. 2017) (quoting *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014)). "When performing such a 'clear error' review, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 686 (N.D.N.Y. 2015) (internal quotation marks omitted). After conducting the appropriate review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## OBJECTIONS

In his objections, Plaintiff argues that Judge Pedersen's R&R should be rejected for the following reasons: (1) the officers he seeks to add have an "identity of interest" with officers named in the original or Amended Complaint; (2) the R&R did not consider whether Defendants would be prejudiced by amendment; (3) the R&R erroneously concluded that Plaintiff failed to allege that the putative defendants deprived him of his civil rights; and (4) the R&R did not consider whether the City of Rochester could be added as a defendant. ECF No. 69 at 5-9. Although it is unclear whether the objections were timely filed 14 days after receipt of the R&R, the Court will review the R&R *de novo* because Plaintiff makes specific objections it.

**DISCUSSION**

Plaintiff seems to concede that the three-year statute of limitations has expired for adding additional defendants. Instead, his main argument is that amendment would relate back and would therefore not be futile because the officers he seeks to add have an "identity of interest" with Defendants named in the Complaint or Amended Complaint. ECF No. 69 at 5-6.

Federal Rule of Civil Procedure 15(c)(1)(C) requires that the new defendant receive actual or constructive notice within ninety days of the filing of the original complaint. *Soto v. Brooklyn Corr. Facility*, 80 F. 3d 34, 35 (2d Cir. 1996). Plaintiff does not dispute that the individuals he seeks to add did not receive actual notice of the Complaint or Amended Complaint. However, "the court can impute knowledge of a lawsuit to a new defendant government official through his attorney, when the attorney also represented the officials originally sued, so long as there is some showing that the attorney[] knew that the additional defendants would be added to the existing suit." *Abdell v. City of New York*, 759 F. Supp. 2d 450, 455 (S.D.N.Y. 2010). Even if the individuals Plaintiff seeks to add would be represented by the same counsel as Defendants, there is no indication that counsel knew or should have known that they would be added as defendants; they were never identified, referenced, or even alluded to in the Complaint or Amended Complaint. Therefore, the individuals he seeks to add never received actual or constructive notice that they would be sued by Plaintiff and amending the Amended Complaint to do so now would be futile.

Plaintiff is correct that the R&R did not address Plaintiff's request to add the City of Rochester as a party. But the Court twice concluded that the City of Rochester is not a proper party. ECF Nos. 3, 10. Plaintiff's motion to amend does not contain any new arguments as to why the City of Rochester should be added now. The Court therefore declines to do so.

3

Having concluded that amendment would be futile, the motion is properly denied, and the Court need not consider Plaintiff's remaining arguments.

## CONCLUSION

For the reasons stated above, the Court accepts and adopts Judge Pedersen's R&R (ECF No. 68) in its entirety. Plaintiff's motion to amend (ECF No. 64) is DENIED. The amended complaint (ECF No. 6) continues to be the operative pleading.

IT IS SO ORDERED.

Dated: January 24, 2020
      Rochester, New York

                                      HON. FRANK P. GERACI, JR.
                                      Chief Judge
                                      United States District Court