UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS A. SANTIAGO,<br><br>      *Plaintiff,*<br>v.<br><br>CITY OF ROCHESTER,<br>MONROE COUNTY, et al.,<br><br>      *Defendants.* | **DECLARATION IN SUPPORT**<br><br>Case No.  20-cv-6465 (EAW) |

Pursuant to 28 U.S.C. §1746, Maria E. Rodi, declares as follows:

  1. I am a Senior Deputy County Attorney acting of counsel to County Attorney John P. Bringewatt, attorney of record for Monroe County, hereinafter referred to as the County, and I am fully familiar with the facts and circumstances of this action.

  2. I submit this declaration in support of the County's Fed. R. Civ. P. Rule 12(c) motion for judgment on the pleadings with respect to the Second Amended Complaint's claims against the County.

  3. Annexed hereto as **Exhibit A** is a copy of the Second Amended Complaint.

  4. The Complaint alleges the following facts which, for purposes of this Motion only, are accepted as true.

  5. On March 6, 2012, plaintiff Carlos A. Santiago ("Plaintiff") was arrested by Rochester Police Department ("RPD") Officer Shawn Jordan ("P.O. Jordan") while operating a vehicle that Plaintiff had purchased that day.

  6. Prior to his arrest, Plaintiff had been involved in a high speed vehicle chase with P.O. Jordan and fled his vehicle on foot after it was struck by P.O. Jordan's vehicle. Two additional RPD vehicles were involved in the vehicle chase.

7. After P.O. Jordan chased Plaintiff down on foot, P.O. Jordan effectuated the arrest. Despite being warned by Plaintiff that he had a tear in his shoulder, P.O. Jordan used excessive force on Plaintiff, causing injury. Other RPD officers were present at the time.

8. Plaintiff was transported by RPD officers to the Monroe County Jail ("MCJ"). Plaintiff was booked at MCJ and examined by Jeananne Odell, R.N., a nurse on duty. Nurse Odell failed to provide adequate medical care to Plaintiff.

9. A few hours later, Plaintiff's mother posted Plaintiff's bail. Plaintiff could not be located for another few hours, while he continued to complaint to MCJ personnel that he was in pain, but was provided no medical care or reasonable accommodations. All charges against Plaintiff were eventually dismissed and he complained to the RPD Internal Affairs Department.

10. After leaving MCJ, Plaintiff sought medical care and was diagnosed with a dislocated shoulder and rotator cuff tear. Plaintiff sustained physical and emotional trauma, as well as economic and other non-economic loss.

11. Plaintiff filed his first complaint on December 19, 2014, naming the City of Rochester, the RPD, and P.O. Jordan as defendants. Plaintiff filed an amended complaint on July 15, 2016, naming the City of Rochester and P.O. Jordan as defendants.

12. On June 5, 2020, Plaintiff filed a Second Amended Complaint, naming the City of Rochester, P.O. Jordan, Nurse Odell, and the County as defendants. This was the first time that the County was named in the action.

13. Plaintiff's Second Amended Complaint asserts seven causes of action. The First, Second, Third, Fourth, and Sixth Causes of Action are brought against the City of Rochester and/or RPD only. The Fifth Cause of Action is brought against all defendants, including the County, and the Seventh Cause of Action is brought against the County only.

14. The Fifth Cause of Action alleges that all of the defendants violated 42 U.S.C. §1983 by showing a deliberate indifference to Plaintiff's serious medical needs. The Seventh Cause of Action alleges that the County violated §1983 by failing to adequately supervise and train employees and/or developing and maintaining policies, customs, and practices exhibiting deliberate indifference to constitutional rights.[1]

15. The Complaint should be dismissed because, as fully explained in the accompanying memorandum of law, the claims against the County were filed after the expiration of the applicable statute of limitations, and the Second Amended Complaint fails to sufficiently plead a claim against the County.

WHEREFORE, Defendants respectfully request an Order pursuant to Rule 12(c) granting judgment on the pleadings of the Second Amended Complaint and dismissing, with prejudice, all claims against the County, and such other and further relief as this Court deems proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 28, 2021

> s/ *Maria E. Rodi*
> Maria E. Rodi

---

[1] It it noted that employees at the Monroe County Jail – including medical staff – are not employees of the County, nor does the County determine policy or practices at the Jail. Accordingly, the County cannot be held liable for actions of Sheriff's Jail Deputies or MCJ medical staff as alleged in the Second Amended Complaint. However, for purposes of this Motion, the facts alleged in the Complaint, even if actually untrue, must be considered as true. Were the County to not prevail on this Motion, the County fully intends to move for summary judgment for the reasons explained herein.