**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARLOS A. SANTIAGO,<br><br>                              *Plaintiff,*<br>     v.<br><br>CITY OF ROCHESTER,<br>MONROE COUNTY, et al.,<br><br>                              *Defendants.* | Case No. 14-cv-06719(FPG)(MJP) |

**DEFENDANT MONROE COUNTY'S MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**

**John P. Bringewatt, Monroe County Attorney**
Maria E. Rodi, Senior Deputy County Attorney
307 County Office Building, 39 W. Main Street
Rochester, New York 14614
585.753.1495
mariarodi@monroecounty.gov

## TABLE OF CONTENTS

TABLE OF CASES ........................................................................................................ iii

PRELIMINARY STATEMENT ..................................................................................... 1

FACTS ALLEGED IN COMPLAINT ............................................................................ 1

PLAINTIFF'S CLAIMS .................................................................................................. 2

ARGUMENT

A. Standard For Dismissal Pursuant to Fed. R. Civ. P. 12(c) .............................. 2

B. The Complaint Against The County Is Untimely ........................................... 3

C. Plaintiff Fails To Plead A Right To §1983 Relief Against The County ......... 5

Conclusion  ..................................................................................................................... 8

...

# TABLE OF CASES

*Barrow v. Wethersfield Police Dept.*, 66 F.3d 466 (1995) .................................................4

*Boykin v. KeyCorp,* 521 F.3d 202 (2d Cir.2008) ..............................................................3

*Connick v. Thompson,* 563 U.S. 51 (2011) ........................................................................6

*Grigoriou v. First Resolution Investment Corp.,*
   2014 WL 1270047 (W.D.N.Y. 2014) ........................................................................3

*Hayden v. Paterson*, 594 F.3d 150 (2d Cir. 2010) ..............................................................3

*Hogan v. Fischer*, 738 F.3d 509 (2d Cir. 2013) ..................................................................4

*In re Vitamin C Antitrust Litigation*, 995 F.Supp.2d 125 (E.D.N.Y. 2014) ........................5

*Johnson v. Rowley*, 569 F.3d 40 (2d Cir. 2009) ..................................................................3

*Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658 (1978) ............................6

*Neff v. County of Erie, New York*, 2017 WL 1683905 (W.D.N.Y. 2017) ...........................7

*Pearl v. City of Long Beach,* 296 F.3d 76 (2d Cir. 2002) ....................................................3

*Tieman v. City of Newburgh*, 2015 WL 137652 (S.D.N.Y. 2015) .......................................7

## PRELIMINARY STATEMENT

Plaintiff Monroe County (the "County") hereby moves for judgment on the pleadings with respect to the Second Amended Verified Complaint (the "Complaint") in this action on the grounds that (1) the County was joined to the action after the applicable statute of limitations had expired, and (2) the Complaint fails to state a cause of action against the County.

## FACTS ALLEGED IN COMPLAINT

The Complaint alleges the facts set forth below.[1] For purposes of this motion, the County accepts the allegations as true.

On March 6, 2012, plaintiff Carlos A. Santiago ("Plaintiff") was arrested by Rochester Police Department ("RPD") Officer Shawn Jordan ("P.O. Jordan") while operating a vehicle that Plaintiff had purchased that day. Prior to his arrest, Plaintiff had been involved in a high speed vehicle chase with P.O. Jordan and fled his vehicle on foot after it was struck by P.O. Jordan's vehicle. Two additional RPD vehicles were involved in the vehicle chase. After P.O. Jordan chased Plaintiff down on foot, P.O. Jordan effectuated the arrest. Despite being warned by Plaintiff that he had a tear in his shoulder, P.O. Jordan used excessive force on Plaintiff, causing injury. Other RPD officers were present at the time.

Plaintiff was transported by RPD officers to the Monroe County Jail ("MCJ"). Plaintiff was booked at MCJ and examined by Jeananne Odell, R.N., a nurse on duty. Nurse Odell failed to provide adequate medical care to Plaintiff.

A few hours later, Plaintiff's mother posted Plaintiff's bail. Plaintiff could not be located for another few hours, while he continued to complaint to MCJ personnel that he was in pain, but

---

[1] The Second Amended Complaint is annexed to the accompanying declaration.

1

was provided no medical care or reasonable accommodations. All charges against Plaintiff were eventually dismissed and he complained to the RPD Internal Affairs Department.

After leaving MCJ, Plaintiff sought medical care and was diagnosed with a dislocated shoulder and rotator cuff tear. Plaintiff sustained physical and emotional trauma, as well as economic and other non-economic loss.

## PLAINTIFF'S CLAIMS

Plaintiff filed his first complaint on December 19, 2014, naming the City of Rochester, the RPD, and P.O. Jordan as defendants. Plaintiff filed an amended complaint on July 15, 2016, naming the City of Rochester and P.O. Jordan as defendants. On June 5, 2020, Plaintiff filed a Second Amended Complaint, naming the City of Rochester, P.O. Jordan, Nurse Odell, and the County as defendants. This was the first time that the County was named in the action.

Plaintiff's Second Amended Complaint asserts seven causes of action. The First, Second, Third, Fourth, and Sixth Causes of Action are brought against the City of Rochester and/or RPD only. The Fifth Cause of Action is brought against all defendants, including the County, and the Seventh Cause of Action is brought against the County only.

The Fifth Cause of Action alleges that all of the defendants violated 42 U.S.C. §1983 by showing a deliberate indifference to Plaintiff's serious medical needs. The Seventh Cause of Action alleges that the County violated §1983 by failing to adequately supervise and train employees and/or developing and maintaining policies, customs, and practices exhibiting deliberate indifference to constitutional rights.

## ARGUMENT

A. <u>Standard For Dismissal Pursuant to Fed.R.Civ.P. 12(c)</u>

In deciding a Rule 12(c) motion, the court "employs the same standard applicable to

dismissals pursuant to Fed.R.civ.P. 12(b)(6)." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009). Thus, to survive a Rule 12(c) motion, the complaint "most contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). Under this standard, a complaint must, "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Boykin v. KeyCorp,* 521 F.3d 202, 213 (2d Cir.2008) (internal quotation marks, citation and emphasis omitted). Indeed, "a plaintiff's obligation requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level."

The Complaint here fails on its face. First, the County was named as a defendant five years after the applicable statute of limitations had expired. Further, the Complaint fails to sufficiently plead a violation of §1983 against the County.

B. The Complaint Against The County Is Untimely

A party may raise a statute of limitations defense in a Rule 12(c) motion, "if the facts supporting the defense, such as the relevant dates, appear on the face of the challenged pleading." *Grigoriou v. First Resolution Investment Corp.,* 2014 WL 1270047 *3 (W.D.N.Y. 2014). Such is the case here.

The Second Amended Complaint alleges facts and circumstances that occurred on March 6, 2012 only. That is the date of his arrest, the hours that he spent in MCJ, and when he was released by MCJ. It is the day that he sustained his alleged damages. *See* Complaint, ¶¶ 13-101. No additional events are alleged to support Plaintiff's claims. Based on the face of the Complaint, the statute of limitations for Plaintiff's claims began to run on March 6, 2012. *See Pearl v. City of Long Beach,* 296 F.3d 76, 80 (2d Cir. 2002) ("Federal law determines when a section 1983 cause

3

of action accrues and we have ruled that accrual occurs when the plaintiffs knows or has reason to know of the injury which is the basis of his action") (internal quotations and citations omitted).

The County was first named as a defendant to this action on June 5, 2020. Prior to June 5, 2020, the only named defendants were the City of Rochester, RPD, and P.O. Jordan. Each of the causes of action against the County in the Second Amended Complaint allege violations of 42 U.S.C. §1983 only. *See* Complaint, ¶¶ 140-150, 161-172. In New York, the statute of limitations for §1983 claims is three years. *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013).

Thus, based on the fact of his pleading, Plaintiff had until March 6, 2015 to bring his §1983 claims against the County. Plaintiff's June 5, 2020 Second Amended Complaint violates that time bar by more than five years.

To avoid this fatal pleading flaw, Plaintiff must establish that the claims against the County relate back to the initial complaint. The relation back doctrine, however, cannot save Plaintiff's claims against the County.

Rule 15(c)(1)(C) provides for the conditions that must be met to add a new party after the applicable statute of limitations has expired. Under the Rule, the new party must be named as a result of a "mistake" concerning the identity of the parties, and not the simple failure to name a party prior to the expiration of the statute of limitations. *Hogan v. Fischer*, 738 F.3d at 517-518.

In Hogan, the Second Circuit set forth its position on Rule 15(c):

> This Circuit has interpreted the rule to preclude to preclude relation back for amended complaints that add new defendants, where the newly added defendants were not named original because the plaintiff did not know their identities. … We have held that, although Rule 15(c) explicitly allows the relation back of an amendment due to a mistake concerning the identity of the parties … the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.

4

*Id.* at 517-518 (internal quotations omitted)[2]; *see also Barrow v. Wethersfield Police Dept.*, 66 F.3d 466 (1995) (when new parties are added "not to correct a mistake but to correct a lack of knowledge, the requirements of Rule 15(c) are not met").

Other New York Federal Courts have held that

> Rule 15(c)(1)(C) does not encompass just any mistake. It requires a mistake "concerning the proper party's identity." As a matter of plain language, this provision would appear to include only "wrong party" cases, and not "additional party" cases. This is because the "mistake" has to "concern[]" the "identity" of the "proper party[]." In an "additional party" case like this one, there generally will be no "mistake concerning" the proper party's "identity." The plaintiff has sued the right defendant, and simply neglected to sue another defendant who might also be liable. If the drafters of Rule 15 has meant to allow relation back in this situation, they could have easily done so.

*In re Vitamin C Antitrust Litigation*, 995 F.Supp.2d 125, 129 (E.D.N.Y. 2014).

Plaintiff was not "mistaken" about the identity of the County. The County did not replace an already-existing defendant in the case. Instead, the County was added to the already-existing defendants and new claims were asserted against the County. This is an "additional party" case in which relation back is not available to add a new party beyond the expiration of the statute of limitations. *Id.*

Accordingly, the County should be dismissed from the action with prejudice.

C. <u>Plaintiff Fails To Plead A Right To §1983 Relief Against The County</u>

42 U.S.C. §1983, "creates a claim against any person who, acting under the color of State law, abridges rights created by the Constitution and law of the United States." *Gilmore v. Amityville Union Free School Dist.*, 305 F.Supp.2d 271, 277 (E.D.N.Y. 2004). §1983 claims against a municipality that, like Plaintiff's claims, seeks money damages, cannot be based on the

---

[2] It is noted that plaintiff Hogan was a *pro se* party, which fact did not change the Court's analysis with respect to his failure to name parties within the applicable statute of limitations.

doctrine of *respondeat superior, i.e.,* liability solely because the municipality or entity employs a tortfeasor. *Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658 (1978); *see also Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("under §1983, local governments are responsible only for their own illegal acts…. They are not vicariously liable under §1983 for their employees' actions").

Plaintiff's Fifth Cause of Action alleges a violation of §1983 based on an alleged deliberate indifference to Plaintiff's serious medical needs in violation of his Eighth and Fourteenth Amendment rights. However, the Complaint alleges only that individuals – Nurse Odell and some number of unnamed "personnel" at MCJ – ignored his complaints of pain and refused to provide medical care. Thus, because Plaintiff's claim alleges that individual tortfeasors violated his constitutional rights, the County cannot be held liable under §1983 for such individuals' actions. *Id.*

Plaintiff's Seventh Cause of Action alleges a *Monell* claim against the County, *i.e.,* that the County had an unconstitutional policy, custom, or practice regarding the provision of medical care. "Plaintiffs who seek to impose liability on local governments under §1983 must prove that action pursuant to official municipal policy caused their injury." *Connick v. Thompson,* 563 U.S. at 60; *Monell v. Department of Social Service*, 436 U.S. at 690. Thus, to defeat the present motion, Plaintiff's pleading must set forth the existence of either an official policy or informal custom that has been adopted by the County.

Here, Plaintiff alleges only wholly conclusory allegations to support any inference that the County had an official policy regarding the provision of medical care to inmates at MCJ that violated his constitutional rights. The Complaint sets forth no factual allegations regarding a policy; it alleges only that in the few hours that Plaintiff was at MCJ on March 6, 2012, Nurse Odell and some unnamed MCJ personnel ignored his complaints of pain. Only is his Seventh

Cause of Action does Plaintiff make the unsupported, conclusory allegations that the County had some sort of policy that deprived him of his constitutional rights.

Plaintiff's Seventh Cause of Action also alleges a §1983 violation under the informal custom theory of liability, where a local government entity can be held liable under §1983 if a Plaintiff can establish a "failure to train" employees that resulted in a constitutional deprivation. A failure to train claim requires the Plaintiff to establish a "deliberate indifference" to a "pattern of similar constitutional violations by untrained employees." *Connick v. Thompson,* 563 U.S. at 61.

No prior pattern of similar behavior has been alleged by Plaintiff that would meet the burden of pleading a failure to train claim. Again, Plaintiff was in MCJ for a matter of hours, and he alleges only that specific individuals – most of whom are vaguely identified as MCJ "personnel" – ignored his complaints. Plaintiff has failed to provide any facts to support the allegation that this behavior occurred prior or was part of a pattern of practice that resulted from failures in training.

In neither instance has Plaintiff alleged any facts to support his *Monell* claim and, accordingly, it should be dismissed. *See Neff v. County of Erie, New York*, 2017 WL 1683905, *3 (W.D.N.Y. 2017) (plaintiffs allege, in utterly conclusory fashion, …that the City failed to properly train and supervise the officers. No facts are alleged in support of that assertion. Such an allegations is not nearly sufficient to support a <u>Monell</u> claim because the complaint as a whole contains no factual assertions whatsoever regarding City policy"); *see also Tieman v. City of Newburgh*, 2015 WL 137652, *13 (S.D.N.Y. 2015) ("mere allegations of a municipal custom, a practice of tolerating official misconduct, or inadequate training and/or supervision are insufficient to demonstrate the existence of such a custom unless supported by factual details").

## CONCLUSION

Plaintiff has failed to meet fundamental pleading requirements for his claims against the County. First, his claims are time-barred and not subject to the relation back doctrine. And further, he fails to sufficiently plead either of his §1983 claims against the County. The County urges the Court to dismiss the Complaint as against the County in its entirety, with prejudice.

Dated: March 28, 2021  RESPECTFULLY SUBMITTED,

John P. Bringewatt, Monroe County Attorney

s/ *Maria E. Rodi*
Maria E. Rodi
Senior Deputy County Attorney
307 County Office Building, 39 W. Main Street
Rochester, New York 14614
585.753.1495
mariarodi@monroecounty.gov