11:20:15

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X
CARLOS A. SANTIAGO ) 14CV6719
Plaintiff )
vs.
Rochester, New York
CITY OF ROCHESTER, ET AL ) July 22, 2021
Defendant. 2:00 p.m.
- - - - - - - - - - - - - - - - - - X

**STATUS CONFERENCE**

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE MARK W. PEDERSEN
UNITED STATES MAGISTRATE JUDGE

CARLOS A. SANTIAGO, pro se
71 Hillview Drive
Rochester, New York 14622
-and-
MELISSA LAFFREDO, pro se

CHRISTOPHER NOONE, ESQ.
City of Rochester
Law Department
City Hall, Room 400-A
30 Church Street
Rochester, NY 14614-1295

CHRISTOPHER F. DEFRANCESCO, ESQ.
Smith, Sovik, Kendrick & Sugnet, P.C.
250 South Clinton Street, Suite 600
Syracuse, NY 13202-1252

MARIE ELIZABETH RODI, ESQ.
Monroe County Department of Law
39 West Main Street
Rochester, NY 14614

**COURT REPORTER: Karen J. Clark, Official Court Reporter**
**Karenclark1013@AOL.com**

C. SANTIAGO VS. CITY OF ROCHESTER, ET AL

P R O C E E D I N G S

* * *

09:08:00

09:08:00

14:11:03 THE CLERK: We are on the record. This is the matter of case numbers 14CV6719; Santiago verses the City of Rochester, et al; 19CV6859, Santiago, et al versus the City of Rochester Police Department, et al; and 19CV6860, Santiago et al versus City of Rochester Police Department, et al.

11:20:52 MAGISTRATE JUDGE PEDERSEN: Good. So do I have in the courtroom Mr. Noone?

11:20:55 MR. NOONE: Yes, your Honor.

11:20:56 MAGISTRATE JUDGE PEDERSEN: Good morning.

11:20:57 MR. NOONE: Good morning.

11:20:58 MAGISTRATE JUDGE PEDERSEN:

11:21:05 MR. DEFRANCESCO: Chris DeFrancesco on behalf of Nurse Odel.

11:21:09 MAGISTRATE JUDGE PEDERSEN: Welcome, Mr. DeFrancesco.

11:21:15 MS. RODI: Marie Rodi on behalf of Monroe County.

11:21:18 MAGISTRATE JUDGE PEDERSEN: Marie Rodi.

11:21:21 I've seen you before. Sorry I didn't recognize you and
11:21:45 you're just on one case?
11:21:48 MS. LAFFREDO: Melissa Laffredo.
11:21:49 MAGISTRATE JUDGE PEDERSEN: Ms. Laffredo, I
11:21:51 do not see you in any of the cases on my --
11:21:54 THE CLERK: Your Honor, she is listed in
11:21:56 cases 19CV6860 and 6859.
11:22:04 MAGISTRATE JUDGE PEDERSEN: 6860 and 6859.
11:22:09 Could you spell the name for me, please?
11:22:18 MR. SANTIAGO: Carl Santiago.
11:22:19 MAGISTRATE JUDGE PEDERSEN: Mr. Santiago,
11:22:20 you are the Plaintiff, so that is easy.
11:22:23 Melissa, could you spell your last name for
11:22:25 me?
11:22:30 MS. LAFFREDO: L-a-f-f-r-e-d-o.
11:22:30 MAGISTRATE JUDGE PEDERSEN: I'm sorry, yes,
11:22:31 you're in here. You're one of the Plaintiffs.
11:22:34 MS. LAFFREDO: Yes.
11:22:39 THE CLERK: I'm sorry. To anyone that has a
11:22:41 speaking role, pull the microphone back to you. So if
11:22:46 any court reporter has to take this down, they are free
11:22:50 standing.
11:22:51 MAGISTRATE JUDGE PEDERSEN: This is the case
11:22:52 where we tried to do a scheduling conference, but your

11:22:55 babysitter was late and I guess she has cataracts and she is still driving?

11:23:00 MS. LAFFREDO: No, she had surgery and she is doing better.

11:23:03 Now. That was in between when she had her first eye done, when she had both eyes done and the light is very blinding to her. She had to pull over several times. We did arrive, but, obviously, you had closed court for the day, but we're here today.

11:23:22 MAGISTRATE JUDGE PEDERSEN: Your attorney, Mr. Davenport, has been relieved.

11:23:25 MS. LAFFREDO: Yes.

11:23:27 MAGISTRATE JUDGE PEDERSEN: So you two are proceeding, pro se?

11:23:29 MS. LAFFREDO: Yes.

11:23:29 MAGISTRATE JUDGE PEDERSEN: Our purpose today is to get this case on track, especially the case from 2014.

11:23:35 MS. LAFFREDO: Yes.

11:23:36 MAGISTRATE JUDGE PEDERSEN: Let's deal with that case first. The scheduling dates on that date have all expired because the discovery was supposed to be done by -- July 30th of 2021. Okay. So that date is still open. Where do we stand on discovery for the

11:23:53 Santiago versus Shawn Jordan, et al, 14CV6719?

11:24:02 MS. LAFFREDO: I believe we put in, we had, 11:24:09 from what I recall, all of the discovery was put in for 11:24:12 both sides. I'm not sure that they received anything 11:24:20 for what we had from our side, and, however, Carlos did 11:24:27 adhere to the scheduling order, so if there is anything, 11:24:31 we would like to hear of it today.

11:24:34 MAGISTRATE JUDGE PEDERSEN: Who would like 11:24:35 to go first on the defense side?

11:24:37 MR. NOONE: I will. When we discussed the 11:24:40 scheduling before, at one point Judge Geraci issued the 11:24:46 decision on Motion for Summary Judgment that struck 11:24:49 everything except for excessive force and one other 11:24:53 element, maybe the qualified immunity with regard to the 11:24:57 arrest that occurred back in 2013. So some of the 11:25:00 discovery demands that were served by counsel when he 11:25:04 represented Mr. Santiago had to do with, among other 11:25:10 things, a *Monell* claim, and some of the other things 11:25:14 stricken from the complaint. What I was going to do is 11:25:18 take a look at what is left and make a determination as 11:25:21 to what to supply, some things have something to do with 11:25:26 the remaining issues in the case. It's more 11:25:29 streamlined. I don't believe depositions were conducted 11:25:33 yet. This case took a while to get off the ground.

C. SANTIAGO VS. CITY OF ROCHESTER, ET AL

11:25:38 This case involved motions before even me. I think we
11:25:41 need to have a scheduling order that would encompass all
11:25:44 of the developments here, all of the items through
11:25:50 dispositive motions.

11:25:52 MAGISTRATE JUDGE PEDERSEN: So redo the
11:25:54 whole thing?

11:25:55 MR. NOONE: Yes.

11:25:55 MAGISTRATE JUDGE PEDERSEN: And you're on
11:25:56 all three cases, so I assume that applies, the other two
11:26:00 have not had dispositive motions, have they?

11:26:04 MR. NOONE: 6860 did. We don't have a
11:26:09 decision from Judge Geraci. It was the same type of
11:26:12 motion. My sense is we'll be left with the same type of
11:26:16 thing we were left with the 2014 case. We're waiting to
11:26:20 see what the decision is there to produce to see what
11:26:25 would be relevant and what would not be. The 6859 case,
11:26:59 we haven't been able to do much on that, either.
11:27:02 Counsel's motion to withdraw stalled things and then I'm
11:27:06 also waiting for some information pursuant to a sealing
11:27:09 order from the district attorney's office with regard to
11:27:12 Mr. Santiago's arrest that day to make a determination
11:27:15 as to what to do with regard to that case. I have a
11:27:18 feeling there will be a dispositive motion in that one
11:27:21 as well.

C. SANTIAGO VS. CITY OF ROCHESTER, ET AL

11:27:21 MAGISTRATE JUDGE PEDERSEN: All right. So let's just start with the 2014 case, which has already had a dispositive motion, and already has what, one or two pending?

11:27:30 MR. NOONE: Yes.

11:27:31 MAGISTRATE JUDGE PEDERSEN: So it might be the qualified immunity and excessive force.

11:27:37 MR. NOONE: Yes.

11:27:37 MAGISTRATE JUDGE PEDERSEN: So what he is asking you to do, Mr. Santiago and Ms. Laffredo, is revamp the entire schedule for the 2014 case, including all discovery dispositive motions, expert discovery, et cetera. So let's see. Can I assume that the initial disclosures have already --

11:28:05 MR. NOONE: Rule 26s have.

11:28:08 MR. DEFRANCESCO: Yes, your Honor.

11:28:08 MAGISTRATE JUDGE PEDERSEN: So what we're really dealing with is factual discovery, including depositions, any further documents, any further depositions.

11:28:23 MS. RODI: Your Honor, if I may, there have been no initial disclosures on behalf of the County. We have a pending 12(c) motion to dismiss. That has not been briefed at all because it was made on March 28th

and it was made, basically, at the same time the motion to withdraw was made by counsel, so until we had it settled on who was representing Plaintiffs, there has been no briefing.

MAGISTRATE JUDGE PEDERSEN: Okay. So that is in the 6759 case.

MS. RODI: Yes, your Honor.

THE COURT: Okay, pending 12(c) motion. Has Judge Geraci put out a schedule for that?

MS. RODI: I believe there was a schedule put out early on and then the motion to withdraw and then we received no opposition, understandably.

MAGISTRATE JUDGE PEDERSEN: Let me see if I can find that. Mr. Bock will probably beat me to it.

THE CLERK: ECF 114, your Honor. Text order on 3/28/21: "Defendant Monroe County filed motion for judgment on the Pleadings, ECF 113. Plaintiff's response is due on or before 4/23/21. Defendant may reply on or before 4/30/21. Once the matter is fully briefed, the Court will review the briefing and determine if oral argument is necessary. And if so, the Court will notify the parties of the date and time, so ordered."

MAGISTRATE JUDGE PEDERSEN: And I'm looking

after Mr. Bock's recitation here at the calendar event from April 5th, that was me. April 5th, letter order, April 5th, April 5th. Next entry is April 20th, that was me. April 21, 21, okay. So anything after what Mr. Bock just read, which was Judge Geraci's briefing schedule of April 5th, is all me, so has nothing to do with the 12(c) motion, so the 12(c) motion has not been responded to.

MS. RODI: That's correct, your Honor.

MAGISTRATE JUDGE PEDERSEN: And the Plaintiffs have not requested additional time. So, the first thing you need to do in the 2014 case is ask Judge Geraci for time to respond to ECF No. 113, which is the motion for judgment on the pleadings by Monroe County filed on March 28, 2021. Mr. Bock, could you print out a public docket sheet for Plaintiffs on that?

THE CLERK: Yes.

MS. LAFFREDO: Also, your Honor, prior to Carlos and I hiring Rupp, Baase and Pfalzgraf firm. I had put in a motion for all of the cases to be consolidated. This has been going on for so long and what it's done to our livelihood and both of our well-being and family mentally and emotionally, it's just, it has to come to an end. And I don't know where

                   11:33:38 anybody else feels, I would like their feelings on the other side as to how they feel about, you know, doing it all together, because it's just being dragged out for way too long.

11:33:51 MAGISTRATE JUDGE PEDERSEN: Understood. I don't see a pending motion for consolidation.

11:33:56 MS. LAFFREDO: There was never an answer.

11:33:57 MAGISTRATE JUDGE PEDERSEN: For the 2014 case, do you recall such a motion?

11:34:02 MR. NOONE: I recall, I believe, a letter.

11:34:04 MAGISTRATE JUDGE PEDERSEN: Could you pull your mike a little closer?

11:34:07 MR. NOONE: I recall there -- I believe there was a letter that was submitted. I don't understand that it ever constituted a formal motion. I don't know why the 2014 case would be consolidated with the later cases, there is no similarity here. There is -- one involved a car pursuit and an arrest; the others had to do with neighbor issues with regard to where Ms. Laffredo and Mr. Santiago were residing back in 2018. So, if there is a motion, I would like an opportunity to oppose it.

11:34:40 MAGISTRATE JUDGE PEDERSEN: Certainly. Do you recall about what time, Ms. Laffredo, you filed the

                 11:34:48 letter? Mr. Bock has handed you a print out of the docket sheet of the 2014 case.

12:23:33 MS. LAFFREDO: Sure.

12:23:38 MAGISTRATE JUDGE PEDERSEN: Mr. Noone, feel free to pull that mike up closer. If you prefer to half stand, that's okay.

12:23:47 And, Ms. Laffredo, the only basis for consolidation is because there are similar parties or similar.

12:23:53 MS. LAFFREDO: So there are several officers that were on scene at the Jordan arrest that were also on scene on mine and Carlos's arrest in October of 2018 and the following arrest, also.

12:24:06 MAGISTRATE JUDGE PEDERSEN: So what I will do is I will ask you to file such a motion formally and I'll set a date for that as well, and then I can consider it and the other side will respond and then we can have an oral argument, if necessary, and I can make a determination. I'm not sure if it's mine to decide or it's up to the district judge. In any event, I'll deal with it first.

12:24:29 MS. LAFFREDO: Thank you.

12:24:30 MAGISTRATE JUDGE PEDERSEN: All right. So Mr. Noone since you began this, what do you suggest for

a closing date for paper and deposition discovery on the facts?

MR. NOONE: With regard to the 6719?

MAGISTRATE JUDGE PEDERSEN: Yes. The '14 case. And I understand the County of Monroe is going to be difficult because there is the pending 12(c) motion.

MR. NOONE: Right.

MS. RODI: Right. Also, to help Mr. Noone a bit, they, the City Law Department submitted unsealing orders and subpoenas to the district attorney's office in March, and, I apologize, it's the County that has delayed and I will make sure that that request gets fulfilled as soon as possible.

MAGISTRATE JUDGE PEDERSEN: Thank you.

MS. RODI: We may need up to -- they have been inundated with subpoenas lately, they may need up to 60 days to get the materials to the law department.

MAGISTRATE JUDGE PEDERSEN: Okay. What if we were to say that fact discovery closes at the end of October? Would that provide enough time and assuming that the 12(c) motion can be decided between now and October, and if it's not, then we have to extend further, and, of course, on your 12(c) motion, Ms. Rodi, would that take care of the entire case against the

12:26:32 county if it were granted.

12:26:34 MS. RODI: Yes, your Honor.

12:26:35 MAGISTRATE JUDGE PEDERSEN: Okay. So it 12:26:36 sounds like we need to do something separate for the 12:26:39 city and for the individual defendant. And Mr. 12:26:57 DeFrancesco, who do you represent?

12:27:03 MR. DEFRANCESCO: Ms. Odel, your Honor.

12:27:07 MAGISTRATE JUDGE PEDERSEN: Ms. Odel. And 12:27:09 does Ms. Odel have any pending dispositive motions?

12:27:14 MR. DEFRANCESCO: She does not.

12:27:15 MAGISTRATE JUDGE PEDERSEN: Okay. So for 13:18:11 everybody except the County of Monroe, we can set a 13:18:17 scheduling order with real dates. For the County of 13:18:20 Monroe, I'll do a springing scheduling order that will 13:18:25 spring from decision date.

13:18:26 MS. RODI: Thank you, your Honor.

13:18:27 MAGISTRATE JUDGE PEDERSEN: That way there 13:18:28 is something in the works in the event Judge Geraci 13:18:32 makes his decision, I don't have to call you back again 13:18:35 to revise all of the scheduling dates.

13:18:37 MR. NOONE: Your Honor, would it be possible 13:18:39 to have the factual discovery deadline end in mid 13:18:43 November? I'm answering to a higher power. My wife 13:18:46 mentioned we're taking a vacation at the end of October.

13:18:50 MAGISTRATE JUDGE PEDERSEN: Okay. So what
13:18:51 I'm hoping is this will be the final scheduling order
13:18:54 for this case as far as everybody but the County of
13:19:01 Monroe goes. So if we end factual discovery, let's say,
13:19:05 the 19th of November, which is the Friday before
13:19:09 Thanksgiving week. So that will be 11/19/21. Now are
13:19:17 the authorizations already provided? Plaintiff is to
13:19:21 provide them by February 12th.

13:19:24 MR. DEFRANCESCO: We're missing one
13:19:26 authorization, your Honor, that we've requested, and I
13:19:44 actually brought it with me and intend to confer with
13:19:47 Plaintiffs afterwards.

13:19:48 MAGISTRATE JUDGE PEDERSEN: Okay. So the
13:19:49 authorizations can probably be completed by, let's say,
13:19:54 July. What is today, the 22nd, July 30, just to make
13:20:00 sure if there is some discrepancy. So, Plaintiffs, you
13:20:05 understand that he is looking for one more
13:20:08 authorization. If there is a dispute about it, we can
13:20:10 resolve that. Actually, I'm gone that week, so probably
13:20:14 August 6th we'll deal with that one then. If we can, if
13:20:19 you two can agree on it by August 6th, no problem, that
13:20:24 date will come and go. If you can't agree, if there is
13:20:27 some dispute, you'll have to bring it back to me. If
13:20:30 you can do that before August 6th, I appreciate it.

13:20:33 MS. LAFFREDO: Absolutely.

13:20:35 MAGISTRATE JUDGE PEDERSEN: And we had a
13:20:37 separate date here set for the Plaintiff to provide
13:20:40 authorizations and interrogatories. Is there a need for
13:20:43 the date for interrogatories any further? I'm looking
13:20:49 at the scheduling order that was issued January 27th of
13:20:53 this year.

13:20:58 MR. DEFRANCESCO: I'm trying to recall, your
13:21:00 Honor. I don't think we have any outstanding
13:21:02 interrogatories. I'll double check that.

13:21:04 MAGISTRATE JUDGE PEDERSEN: That will be
13:21:05 subsumed in factual discovery anyway.

13:21:08 MR. DEFRANCESCO: Yes.

13:21:09 MAGISTRATE JUDGE PEDERSEN: So that date
13:21:10 there, I'll leave, and I'll cross this out. Motions to
13:21:13 compel discovery. We will do -- let's do those November
13:21:25 5th. And all factual witness depositions, actually, all
13:21:35 depositions and paper discovery is going to be completed
13:21:39 November 19th. Okay. So that takes care of fact
13:23:36 discovery. Everything finishes November 19th. The
13:23:40 authorization issue, we'll deal with by August 6th.
13:23:44 Anything further on fact discovery?

13:23:46 MR. DEFRANCESCO: No, your Honor.

13:23:48 MAGISTRATE JUDGE PEDERSEN: All right. Now

13:23:49 we have identification of experts and expert discovery. 13:23:55 Do the Plaintiffs anticipate hiring an expert?

13:23:59 MS. LAFFREDO: Yes.

13:24:00 MAGISTRATE JUDGE PEDERSEN: So let's set a 13:24:01 date then for expert discovery. We're heading into the 13:24:05 holidays, so is it possible you can identify your expert 13:24:09 witness and give a report to the other sides by the end 13:24:13 of December?

13:24:16 MS. LAFFREDO: Yes.

13:24:28 MAGISTRATE JUDGE PEDERSEN: Okay. Let's 13:24:29 make the Plaintiff's identification of expert and 13:24:32 production of report by 12/21/21, that is a Friday. 13:24:37 Office will probably be closed, but I assume you'll do 13:24:40 it before then. That means that the Defendant's expert 13:24:44 -- can the Defense expert be identified by the end of 13:24:48 January, which is a Monday, January 31st, 2022.

13:24:54 MR. DEFRANCESCO: Yes, your Honor.

13:24:55 MAGISTRATE JUDGE PEDERSEN: 1/31/22. Now we 13:24:58 deal with expert depositions and any further follow up 13:25:01 on expert discovery, should I allow a month for that, 13:25:05 should I allow two months. What is your feeling, Mr. 13:25:07 Noone?

13:25:08 MR. NOONE: I would say two, just depending 13:25:10 on the nature of the expert. There may be some

                    13:25:13 confusion here that things kind of get muddled because there are three cases. With regard to the Jordan case, it goes back to 2014, involving a car pursuit. It's a medical expert, it may take some doing to try and get them scheduled after the first of the year may be difficult, but I think two months would probably be adequate.

MR. DEFRANCESCO: I agree.

MAGISTRATE JUDGE PEDERSEN: So we'll allow two months for expert discovery, meaning that your reports have already been exchanged, your expert is looking at their report, and your expert is looking at your report, and then you can depose the expert, you can depose theirs and they can depose yours, we'll allow two months. Sometimes experts are difficult to schedule. That takes us to the end of March. March 31 is a Thursday. Now, it usually takes at least 30 days to get deposition transcripts, sometimes longer, and it's less expensive the lesser you give them to complete it. Thirty days is kind of the cut off. So, if we allow two months for transcripts, then another month for creating dispositive motions, since we've got several parties involved, is that too much time or too little time?

MR. NOONE: I think it's about right.

13:26:40 MAGISTRATE JUDGE PEDERSEN: That would bring
13:26:41 us to June 30 for dispositive motions. Okay. And under
13:26:57 Local Rule 7, there is a briefing schedule already set,
13:26:59 but if Judge Geraci decides, he can schedule his own
13:27:05 briefing schedule with regard to dispositive motions.
13:27:12 Okay.

13:27:14 Ms. Rodi, what I'll do then is I'll take
13:27:17 those amounts of time, and for the Monday County one say
13:27:21 from the date of the decision, assuming that it's a
13:27:25 decision that doesn't completely dispose of the case.
13:27:29 From the date of that decision, I'll allow X number of
13:27:33 days or months for factual discovery and so forth. Your
13:27:36 case might be going on a slightly different track. Does
13:27:39 that confuse stuff for the other two parties?

13:27:45 MR. DEFRANCESCO: No, your Honor.

13:27:45 MR. NOONE: No, I don't think so.

13:27:46 MAGISTRATE JUDGE PEDERSEN: Okay. So Monroe
13:27:51 County, springing scheduling order from date of
13:28:01 decision. Now, the Plaintiffs can help this along by
13:28:07 contacting Judge Geraci's Chambers today to get a
13:28:12 briefing schedule change if he'll allow it on the 12(c)
13:28:24 motion they have pending. 12(c) means they are
13:28:28 contending that if you look at your Complaint and you
13:28:31 look at their answer, those are enough for you to decide

13:28:34 there is no way this case should go forward against the County of Monroe. So if Judge Geraci agrees with their position, then he would cut the County of Monroe as a party. If he doesn't agree, then the County of Monroe goes forward, the date he makes that decision is when we're measuring discovery in that case and we'll allow the same amount of time for that. Although, maybe he has issued the decision, we'll revisit that if necessary, okay?

13:29:02 MS. LAFFREDO: So you're asking me to phone Judge Geraci's Chambers and ask him to make a decision on the 12(c) motion by the County?

13:29:20 MAGISTRATE JUDGE PEDERSEN: Well, they filed their motion, you haven't responded. If you ask Judge Geraci to please decide it, you're saying, I give up, kill it, kill it all. So you really want Judge Geraci to allow you some time to respond to the motion, unless you don't want to.

13:29:37 MS. LAFFREDO: Yes, we will, thank you.

13:29:39 MAGISTRATE JUDGE PEDERSEN: If you want to respond to the motion, you have to ask him for time to do that.

13:29:44 MS. LAFFREDO: Okay.

13:29:45 MAGISTRATE JUDGE PEDERSEN: And if he allows

13:29:46 that, then you respond and he reads the papers and 13:29:49 decides if he wants to hear from you orally, and, if 13:29:52 not, he'll issue a decision and either grant their 13:30:21 motion, which means they are out of the case or deny the 13:30:24 motion, which means they stay in or something in 13:30:27 between. Okay?

13:30:28 MS. LAFFREDO: Okay, yes.

13:30:30 MAGISTRATE JUDGE PEDERSEN: Okay. That 13:30:32 deals with the 2014 case. Let's go onto the 6859 case. 13:30:48 This is against the city police department, Tyshawn 13:31:12 Williams, Joseph Bonnacci, Mary Barnes, Melanie Rivera, 13:31:28 Brad Elliot and John Does.

13:31:30 So, Mr. DeFrancesco, are you involved in any 13:31:35 of these other cases?

13:31:37 MR. DEFRANCESCO: I am not, your Honor.

13:31:38 MAGISTRATE JUDGE PEDERSEN: So unless you 13:31:39 want to stay, you're welcome to go.

13:31:42 MR. DEFRANCESCO: I just want to try and get 13:31:44 the authorizations signed and so I'll hang out.

13:31:48 MAGISTRATE JUDGE PEDERSEN: Why don't you do 13:31:49 that, because I don't want to run the clock while you 13:31:54 sit here.

13:31:56 MS. RODI: Your Honor, the County is not 13:32:01 involved in the other cases as well.

13:32:05 MAGISTRATE JUDGE PEDERSEN: You're dismissed.

13:32:09 (Whereupon, there was a break in the proceeding.)

13:32:10 MAGISTRATE JUDGE PEDERSEN: This is Santiago and we have the cases remaining 19CV6859 and 19CR6860. In the courtroom are Mr. Santiago and Melissa Laffredo and present in the courtroom is also Mr. Noone representing his clients. The other attorneys have left because their clients don't have a stake in the other two cases. So, on the 6859 case, we had a scheduling order that was issued January 27th as well, 2020. And that closed off. That was a springing one. No later than 30 days following the rendering of the decision by Judge Geraci with the pending Rule 12 motion, the parties shall select a mediator and so forth. Has Judge Geraci made a decision?

13:33:18 MR. NOONE: On 6859?

13:33:20 MAGISTRATE JUDGE PEDERSEN: 6859.

13:33:21 MR. NOONE: I don't think there was a motion made in that one. Ms. Rodi, I think, made reference to the 12(c) motion in the 6719 case. That was what she was referring to when she mentioned the unsealing orders that I sent over and that suggested that it may take 60

days to have the County respond or the DA's office respond. So Williams, 6860, the third case is the one where we have a pending motion for summary judgment. We don't have a decision on yet.

THE COURT: Okay. So we'll deal with that one last then. So as far as 6859 goes, that is ready to go through with discovery?

MR. NOONE: As soon as we get the unsealing order, yes. That is what Ms. Rodi was referring to, it's been there since March and they have not had a real opportunity to provide me with documents that I need for that one.

THE COURT: And there has not been anything issued in that case?

MR. NOONE: Nothing.

MAGISTRATE JUDGE PEDERSEN: Not even exchange of discovery?

MR. NOONE: I'd have to check. I think there may have been Rule 26 disclosure provided, but I would have to check. I think there was.

MAGISTRATE JUDGE PEDERSEN: Plaintiffs, any comment on the 6859 case?

MS. LAFFREDO: I'd have to go through and look through the records that Chad gave back to us, I'm

13:34:57 not sure. I thought that was -- I mean, to the best of
13:35:02 my knowledge, it was completed.

13:35:04 MAGISTRATE JUDGE PEDERSEN: What is the "it"
13:35:05 that was completed?

13:35:06 MS. LAFFREDO: The interrogatories, any
13:35:12 interrogatories that were asked for, any documentation.

13:35:17 MAGISTRATE JUDGE PEDERSEN: Okay. So let's
13:35:18 see, this is the one, this is August 22nd, 2018, 2:45
13:35:49 p.m. concerning Gary Cook, this case.

13:35:53 MR. NOONE: No, your Honor. That is the
13:35:55 6860 case. 6859 was from October 16, 2018, it was about
13:36:00 2:30 in the afternoon.

13:36:01 MAGISTRATE JUDGE PEDERSEN: Then this is
13:36:03 misfiled. Hmm, Mr. Bock, could you take a look at --
13:36:08 shoot, I lost track of it here. The system I have, this
13:36:12 is the 6859 case file, right? Yes. Just a little bit
13:36:18 of the Complaint.

13:36:21 THE CLERK: Certainly, your Honor.

13:36:23 MAGISTRATE JUDGE PEDERSEN: Just print the
13:36:24 whole Complaint, 6859.

13:36:27 THE CLERK: You'd like the whole Complaint
13:36:29 printed?

13:36:29 MAGISTRATE JUDGE PEDERSEN: How many pages
13:36:31 is it?

C. SANTIAGO VS. CITY OF ROCHESTER, ET AL

13:36:32 THE CLERK: Still loading.

13:36:34 MR. NOONE: I may have misspoke.

13:36:36 MS. LAFFREDO: Your Honor, to the best of my knowledge, there was a scheduling order and the Defense side did not adhere to what the scheduling order was and there was never a response and they did not give any interrogatories or answers to documentation, interrogatories. And I believe there was -- they asked for an extension and it was denied, so, I mean.

13:37:05 MAGISTRATE JUDGE PEDERSEN: Okay. One through eleven, pages one through eleven, Mr. Bock.

13:37:09 MR. NOONE: I may have misspoke, 59 may be the one from August 28 of 2018. That is the one where we don't have a decision yet on the summary judgment motion.

13:42:19 MAGISTRATE JUDGE PEDERSEN: So 59 was the pending one.

13:42:22 MR. NOONE: Yes, I apologize. I may have misspoken on that one.

13:42:27 MAGISTRATE JUDGE PEDERSEN: In that case then, I don't need to change anything because it's all springing, right? Yeah. Let's see.

13:42:34 MR. NOONE: Yeah, that makes sense.

13:42:37 MAGISTRATE JUDGE PEDERSEN: Except it did

C. SANTIAGO VS. CITY OF ROCHESTER, ET AL

cite some dates for discovery.  Okay.  So some of it,
the mediation portion was springing and the rest of it
was with firm dates.  I have the Complaint in 6859.
Tyson Williams, Joseph Bonnacci, Mary Barnes, other
officers, Melanie Rivera.  Excuse me, first claim is
August 22nd, 2018 at or about 10:45 p.m. involving Gary
Cook arrested for harassment and menacing with a knife
threatening Carlos Mia A. Santiago, and the dog, and
threatening to bury them in his yard.  Sounds like a
delightful neighbor.  So the mediation portion of that
scheduling order was set and the rest of it said firm
date, and we don't have a decision from Judge Geraci.
What will happen is -- it is a partial summary judgment
or full?

MR. NOONE:  No, full.

MAGISTRATE JUDGE PEDERSEN:  Okay, full.  So
sounds to me like we need to set the rest of it up to
spring as well.  What he is saying is that he filed a
motion for summary judgment in 6859 with your neighbor,
and if Judge Geraci grants that motion, that case is
done.  Have you responded to his motion?  You don't
know?

MS. LAFFREDO:  I have no idea.

MR. SANTIAGO:  We never heard anything like

                    that.

MS. LAFFREDO: I never knew there was a motion for summary judgment.

MAGISTRATE JUDGE PEDERSEN: Okay. Mr. Bock, you want to print a docket sheet out?

MR. SANTIAGO: The attorney we had before did not communicate with us at all, so that is why we had to get rid of him, with all of the other attorneys as well.

MS. LAFFREDO: And, also, if I may, when Honorable Feldman was presiding before you, he had -- he asked us, too, if we needed representation from the Court, and we said yes. And what happened was Baase and Pfalzgraf, came into our lives at that point. However, that is the third set of attorneys that we've had, and, at this point, we really need the Court to appoint an attorney for us. We're at the point where I can only do so much and I read the federal rules and the local rules so many times and I pull out information and it's very stressful. I'm only one person. I can't -- I need somebody who is going to fight for Carlos and myself and fight for what has happened and the violation of his human rights and his civil rights. It has just continued and continued years and years. It's a vicious

13:47:27 cycle, and we really need to be represented by somebody
13:47:30 that has our best interest at hand.

13:47:34 MAGISTRATE JUDGE PEDERSEN: Did Judge
13:47:49 Feldman assign the Rupp firm?

13:47:51 MS. LAFFREDO: At that point, I mean, he
13:47:53 stepped down.

13:47:54 MR. SANTIAGO: If you go back to the
13:47:55 minutes, go back in the minutes.

13:47:57 MS. LAFFREDO: He stepped down and he said
13:47:59 to do my best and gather as much as I could and do the
13:48:04 best that I could and he would address it at a later
13:48:07 time and then he stepped down and there was a woman that
13:48:10 we worked with in Buffalo, and we asked if she could be
13:48:17 -- I had written a document and turned it into the
13:48:20 Court, if she could be the representation for Carlos and
13:48:23 I. I had spelled her last name wrong. It's not Ann
13:48:27 Marie Richardson, it's Ann Marie Richards, and she works
13:48:33 pro bono for U.S. District Court. And I asked for her
13:48:57 representation. I had spelled the last name wrong and
13:48:59 they said we don't know who that is, she doesn't exist.
13:49:03 And that is what I'm asking for. I'm asking for her
13:49:06 representation, if she is still part of the pro bono
13:49:11 action. However, you guys, I don't know if it's
13:49:14 considered pro bono if the United States District Court

finds an attorney, but her name is Ann Marie Richmond, not Richardson.

MAGISTRATE JUDGE PEDERSEN: Okay. I'm just looking through the docket here. Okay. So you were represented by counsel as of May 22, 2020, because Judge Geraci mentions that in his text order, so counsel probably made an appearance prior to that. Motion for leave to proceed in forma pauperis. It doesn't look like this was referred to Judge Feldman. It sat for quite a while. You were granted --

MS. LAFFREDO: It was the date that we were in front of Judge Feldman quite some time ago.

MAGISTRATE JUDGE PEDERSEN: This case was -- -- the District Judge Geraci granted in forma pauperis on November 22, 1919. Ordered you to file an amended Complaint. You requested extended time to do that and then you filed your amended Complaint, February 13 of 2020. On May 22, 2020 ECF No. 8, if you look at No. 8, "Plaintiffs now represented by counsel filed an amended complaint ECF No. 7: "Because Plaintiffs are no longer proceeding pro se, the Court is no longer required to screen the amended Complaint, therefore, the Clerk of Court shall issue a summons and shall cause the United States Marshal to serve the Defendants. So ordered."

C. SANTIAGO VS. CITY OF ROCHESTER, ET AL

13:51:39 Signed by Judge Geraci. Summons was issued and there was an acknowledgement of service. Answer was filed July 6th, 2020. And then on July 7th, 2020, the case was assigned to me because I took office November 6th, 2019. So this particular case was never before Judge Feldman. And we had a status conference.

13:52:10 MS. LAFFREDO: Right. It was prior to all of this happening when we were in front of Judge Feldman, so it was probably --

13:52:15 MAGISTRATE JUDGE PEDERSEN: Probably on the '14 case.

13:52:17 MS. LAFFREDO: It was for the '14 case.

13:52:19 MAGISTRATE JUDGE PEDERSEN: Yeah, probably on the '14 case. So there is no request for representation in this case. Is that something you would like to make?

13:52:27 MS. LAFFREDO: Yes, please. For all of --

13:52:30 MAGISTRATE JUDGE PEDERSEN: All of the cases?

13:52:31 MS. LAFFREDO: Yes.

13:52:32 MAGISTRATE JUDGE PEDERSEN: So what I suggest what you do is file a motion in each of the cases. That will probably disrupt the schedule again.

13:52:56 MS. LAFFREDO: I understand. We do need

C. SANTIAGO VS. CITY OF ROCHESTER, ET AL

representation, so whatever needs to happen first.

MAGISTRATE JUDGE PEDERSEN: Let me tell you something off of the record for a moment.

(Whereupon, there was a discussion off the record.)

THE CLERK: One moment, your Honor. We are back on the record.

MAGISTRATE JUDGE PEDERSEN: While off the record, we had a brief discussion about the prior attorney's withdrawal and I informed both Plaintiffs if they wish to make a motion for appointment of counsel pro bono, they may do so in each of these cases, that it may disrupt the schedule that we're putting in place, but so be it. The only thing I see pending in case No. 6859 is a motion filed on October 16th, 2020, docket No. 21, and it's titled "Motion to Dismiss for Failure to State a Claim." Let me make sure that is really what it is. We're looking at the Notice of Motion signed by Mr. Noone and it's looking for 12(c) relief. It's not a summary judgment, it's a 12(c).

MR. NOONE: Yes.

MAGISTRATE JUDGE PEDERSEN: Okay. So pending 12(c) motion. And, Ms. Laffredo, if you read the rules, you understand the difference between Rule 12

                    13:54:23 and Rule 56?

13:54:43 MS. LAFFREDO: Yes.

13:54:43 MAGISTRATE JUDGE PEDERSEN: So this is a 13:54:44 Rule 12 motion. And it doesn't appear to me it's ever 13:54:48 been fully briefed. These cases are a mess schedule 13:54:59 wise. So I'm not sure whether it's worthwhile trying to 13:55:02 set a schedule for discovery while we have the 12(c) 13:55:06 pending, and we may also have a motion for appointment 13:55:09 of counsel. So, I'm inclined, at this point, Mr. Noone, 13:55:14 to let the schedules lapse with the idea that if indeed 13:55:19 I do appoint or actually I appoint, at that point, I 13:55:23 request the assignment of pro bono counsel from our 13:55:28 coordinator in Buffalo and if she can find somebody 13:55:34 willing to take on the cases, would that be just for the 13:55:36 discovery phase of the case, discovery and motion 13:55:41 practice, because it's easier to get a lawyer if I limit 13:55:45 the scope of the appointment to pretrial stuff?

13:55:48 MS. LAFFREDO: Okay.

13:55:49 MAGISTRATE JUDGE PEDERSEN: And then if we 13:55:51 actually get to the trial, then maybe you want to ask me 13:55:54 to ask the attorney to stay on if he or she agrees to do 13:56:08 so. And if not, ask for different counsel for the trial 13:56:12 phase.

13:56:13 MS. LAFFREDO: Yes.

MAGISTRATE JUDGE PEDERSEN: But most cases in Federal Court resolve by settlement between the parties.

MS. LAFFREDO: Yes.

MAGISTRATE JUDGE PEDERSEN: And Mr. Noone was telling me before we came back on the record, again, for this case, earlier, that the case that I helped with did resolve a civil case similar to this kind of thing where the police were alleged to have used unlawful force and violated a Plaintiff's right to privacy under the Fourth Amendment. And that case has revolved with a financial resolution. That might end up in this case as well, but I think some more discovery has to go first.

MS. LAFFREDO: Yes. I honestly don't see us going to trial after all of the discovery has been submitted on both sides.

MAGISTRATE JUDGE PEDERSEN: It will either resolve, most likely, by motion or by settlement between the parties.

MS. LAFFREDO: Yes.

MAGISTRATE JUDGE PEDERSEN: So if we have a lawyer to help organize things to get the discovery finished, I think that may be useful. So I'm going to leave these two cases without a scheduling order. I'll

13:57:55 put a scheduling order on the '14 case, that is so old. 13:57:59 And, of course, the schedule may get rejected, but we'll 13:58:02 work with that when that happens.

13:58:05 MS. LAFFREDO: Sounds good.

13:58:06 MAGISTRATE JUDGE PEDERSEN: If you can file 13:58:06 a motion in each of the cases for the assignment of pro 13:58:10 bono counsel, I'll act on that.

13:58:11 MS. LAFFREDO: Absolutely. And what time 13:58:13 frame will you give me to do that? I can do it ASAP.

13:58:17 MAGISTRATE JUDGE PEDERSEN: What time frame 13:58:18 do you need, because that is the time frame I'm going to 13:58:21 give you. Today is the 22nd of July, I'm gone all next 13:58:25 week, so I won't be doing anything on it the next week.

13:58:28 MS. LAFFREDO: How about the following 13:58:30 Friday? The following Friday after you come back?

13:58:32 MAGISTRATE JUDGE PEDERSEN: You talking 13:58:33 about July 30th, August 6th. If you file it July 30th, 13:58:39 I won't be here, but Mr. Noone gets an opportunity to 13:58:42 respond. Mr. Noone, I'll set a brief schedule that is 13:58:46 instead of the full 14 days, I'll give you a week to 13:58:50 respond if you even want to. Generally, Defense Counsel 13:58:53 don't reply to motions requesting assignment of pro bono 13:59:13 counsel. In some cases, they probably secretly say, 13:59:29 yes, because it makes the case simpler for everybody.

13:59:32 Not that you're not adequate to help represent yourselves. But it's easier when you have somebody that has done this before.

13:59:39 MS. LAFFREDO: Yes. I'm not saying that I can't do it, I believe in myself and I've done it this far.

13:59:45 MAGISTRATE JUDGE PEDERSEN: Yes.

13:59:46 MS. LAFFREDO: However, sometimes, you know, I question myself, too.

13:59:52 MAGISTRATE JUDGE PEDERSEN: Certainly.

13:59:52 MS. LAFFREDO: So if there was somebody who was very familiar with Federal Court.

13:59:59 MAGISTRATE JUDGE PEDERSEN: Federal civil practice.

14:00:00 MS. LAFFREDO: And these types of cases to help us along, I would really appreciate that.

14:00:05 MAGISTRATE JUDGE PEDERSEN: Okay. So what I'm going to do is give you to July 30th to file your request for appointment of pro bono counsel. You have to file each of the papers and then I'll give Mr. Noone and the other Defense Counsel to August 6th to respond and I'll issue a decision after August 6th.

14:00:27 Mr. Bock, have you got all of that in your minutes?

C. SANTIAGO VS. CITY OF ROCHESTER, ET AL

14:00:30 MS. LAFFREDO: Thank you.

14:00:31 MAGISTRATE JUDGE PEDERSEN: Okay. Good. So
14:00:33 for the 59 and 60 cases, we'll leave the scheduling
14:00:40 orders as is and let them lapse and deal with your
14:00:45 motion for appointment of counsel. Are there any other
14:00:54 issues that we need to discuss?

14:00:56 MR. NOONE: I'm not aware of any, your
14:00:59 Honor, no.

14:00:59 MS. LAFFREDO: Is it possible for Carlos and
14:01:02 I to have a copy of the minutes for today of whatever
14:01:06 was spoken on?

14:01:16 THE CLERK: Are you talking about the
14:01:17 transcripts?

14:01:18 MS. LAFFREDO: Yes.

14:01:19 MAGISTRATE JUDGE PEDERSEN: That comes at an
14:01:21 expense.

14:01:22 THE CLERK: What you will want to do is
14:01:27 after I do the minute entry for all three cases, you're
14:01:33 going to contact -- I'll write all of this down for you
14:01:36 -- Jane Kellogg in Buffalo, the transcript coordinator,
14:01:40 and she will advise you to call on the court reporters
14:01:46 to do so and there is a form.

14:01:49 MAGISTRATE JUDGE PEDERSEN: It's expensive,
14:01:52 it's more than a dollar a page. Do you have any idea

14:01:55 what is costs?

14:01:55 MR. NOONE: I remember requesting them

14:01:59 before and I think, your Honor, is correct.

14:02:04 THE COURT: And if you want it in 30 days.

14:02:09 THE CLERK: It's based on how many pages it

14:02:11 is and how long.

14:02:14 MS. LAFFREDO: I'll reach out. As long as I

14:02:16 have the information and can proceed with her.

14:02:20 MAGISTRATE JUDGE PEDERSEN: Is there

14:02:21 something that we talked about today that you

14:02:23 specifically want to focus on? His minutes are going to

14:02:26 cover what we just set for scheduling and I'll issue the

14:02:31 scheduling order in the '14 case?

14:02:35 MR. SANTIAGO: The reason I ask for it, as I

14:02:37 said, the judge before did say he was going to assign us

14:02:43 counsel and we had problems. We could have used it a

14:02:48 long time ago.

14:03:04 MS. LAFFREDO: All of this is for Carlos's

14:03:06 record.

14:03:06 MR. SANTIAGO: The defendant will be paying

14:03:07 for it later on.

14:03:10 MAGISTRATE JUDGE PEDERSEN: The defendant

14:03:11 will be paying for necessary costs if you win on the

14:03:14 liability issue. Whether a transcript of today's

                    proceeding is necessary would probably be disputed and then it would be up to the judge who is making the determination to decide if the cost should be passed on.

MS. LAFFREDO: I definitely would like to request it just for the record.

MAGISTRATE JUDGE PEDERSEN: It's always going to sit here, so you could request it much later.

MR. SANTIAGO: Yeah, I could.

MAGISTRATE JUDGE PEDERSEN: After the case is done, even if you want to.

MR. SANTIAGO: Not after the case is done.

MAGISTRATE JUDGE PEDERSEN: I'm trying to save you some money; there is no guarantee.

MS. LAFFREDO: I don't think it's about the money for Carlos, and I don't mean to interrupt you. Because of everything that has happened to him and the head trauma, he has sever PTSD because of this. He doesn't remember things that were said or what was said and to have it right in front of him to refer to, that is what the issue is. He has short-term memory loss. He suffered mentally, emotionally, psychologically, that is why he wants to have the transcript.

MAGISTRATE JUDGE PEDERSEN: And you already took care of the release issue on the 2014 case this

14:05:00 morning in court?

14:05:01 MS. LAFFREDO: Yes, Carlos signed the authorization form. It had to be specific as to what records were given from the Monroe County Jail and it was never determined as to -- it was called primary care, it had to be in front of all of it. So it's another authorization because it had to state the exact name of where it was coming from Monroe County.

14:05:22 MAGISTRATE JUDGE PEDERSEN: Yes, very good. From your viewpoint, is there anything else that we need to cover?

14:05:27 MS. LAFFREDO: Not at this time. Carlos, anything else that you would like to discuss?

14:05:31 MR. SANTIAGO: No. Thank you, your Honor.

14:05:32 THE COURT: So we're adjourned without a date and I'm looking for your motions and any response that you or the other defendants want to file and then we'll proceed.

14:05:41 MS. LAFFREDO: Thank you.

14:05:42 MR. SANTIAGO: Thank you.

14:05:43 MS. LAFFREDO: Have a very blessed day.

14:05:45 MAGISTRATE JUDGE PEDERSEN: You too.

* * *

CERTIFICATE OF REPORTER

C. SANTIAGO VS. CITY OF ROCHESTER, ET AL

   I certify that the foregoing is a correct transcript of the record to the best of my ability of proceedings transcribed from the audio in the above-entitled matter.

S/ Karen J. Clark,  RPR

Official Court Reporter you, your Honor.