UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARLOS A. SANTIAGO,

                                         Plaintiff,                      Case # 14-CV-6719-FPG

v.

                                                                              DECISION & ORDER

THE CITY OF ROCHESTER, et al.,

                                        Defendants.
_____

## INTRODUCTION

Plaintiff Carlos A. Santiago brings this civil rights action against Defendants City of Rochester, Officer Shawn Jordan, RN Jeananne Odell, and Monroe County. ECF No. 82 (second amended complaint). His claims arise out of his arrest by Officer Jordan in March 2012. Presently before the Court is the County's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ECF No. 113. For the reasons that follow, the County's motion is GRANTED.

## LEGAL STANDARD

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw*, 448 F.3d 518, 521 (2d Cir. 2006). A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104

(2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007). "[O]n a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *Sarikaputar v. Veratip Corp.*, 371 F. Supp. 3d 101, 104 (S.D.N.Y. 2019).

## BACKGROUND

The following facts are taken from the amended complaint, unless otherwise noted. A full discussion of the allegations in the amended complaint is contained in the Court's August 24, 2020 Decision & Order. *See Santiago v. City of Rochester*, 481 F. Supp. 3d 152 (W.D.N.Y. 2020). Santiago alleges that, in the early morning on March 6, 2012, Officer Jordan wrongly arrested him for a litany of traffic violations. *See* ECF No. 82 ¶¶ 13, 15, 75, 76. In the course of the arrest, Officer Jordan used excessive force, including by tackling Santiago, aggressively applying handcuffs, slamming his head into the ground, and roughly pulling him up from the ground. *Id.* ¶¶ 37, 39-45. As a result of the excessive force, Santiago suffered, among other things, a concussion and dislocated right shoulder. *Id.* ¶¶ 45, 65.

After Santiago was arrested, he was transported to the Monroe County Jail. Nurse Odell, then a nurse employed by the County, was the nurse on duty at the jail. *See id.* ¶¶ 10-11. After booking, Nurse Odell examined Santiago "because he was yelling in pain that his right shoulder was dislocated." *Id.* ¶ 62. Santiago told Nurse Odell that Officer Jordan had injured him "by wrenching his right shoulder and arm" and by "improperly lifting him from the ground by the handcuffs that were improperly applied to his wrists." *Id.* ¶ 63. Santiago alleges that Nurse Odell

2

"negligently or intentionally refused [him] medical care and reasonable accommodations." ECF No. 82 ¶ 64. She provided Santiago only with "OTC Motrin," despite the fact that she "knew, or reasonably should have known, that [Santiago] had a concussion." *Id.* ¶ 65. After meeting with Nurse Odell, but before he was released later on the morning of March 6, 2012, Santiago "continued to make it known to Monroe County Jail personnel that he was in severe pain and discomfort and that he believed his right shoulder was dislocated." *Id.* ¶ 68. Santiago alleges that "[a]t no time prior to his release from Monroe County Jail was [he] offered medical care or reasonable accommodations." *Id.* ¶ 70. Upon his release, Santiago visited Highland Hospital, where he was diagnosed with a dislocated right shoulder. *Id.* ¶¶ 71, 72.

With respect to the County, Santiago alleges that it "developed and maintained" policies and customs "exhibiting deliberate indifference to the constitutional rights of persons in Monroe County." *Id.* ¶ 162. Specifically, he claims:

- The County's "policy and custom" for "referring patients for emergency medical care was deficient or improperly implemented";

- The County maintained a policy or custom of inadequately supervising, training, and screening its jail personnel, including Nurse Odell, regarding the provision of adequate medical care to inmates and detainees;

- The County knew of and failed to rectify "inadequacies" in the jail's "medical facility staffing and procedures";

- The County adopted medical-care procedures that it knew would be ineffective at delivering adequate medical care to inmates and detainees;

- The County had a policy of not allowing detainees to be transferred to proper medical facilities, even when the detainee was "in need of medical care at a hospital facility";

- The County had a policy of "refusing" to address detainees "serious medical needs";

3

- The County maintained a policy of having its personnel "not tak[e] seriously the medical needs and complaints of pain made by" detainees;

- The County ratified Nurse Odell's conduct by failing to investigate or discipline her after the incident.

*See* ECF No. 82 at 22-24.

In December 2014, Santiago brought this action while acting *pro se*. ECF No. 1. Originally, he raised claims only against the City of Rochester, the City of Rochester "Police Force," and Officer Jordan. *Id.* at 1. In July 2016, Santiago filed an amended complaint. ECF No. 6. In the amended complaint, Santiago made more specific allegations related to Nurse Odell and the County, though he did not expressly identify either party as a defendant. *Id.* at 1. In its February 2017 screening order, the Court allowed some of Santiago's claims to proceed to service, including "claims of deliberate indifference to a serious medical need . . . against Nurse Jane Doe." ECF No. 10 at 3. The Court instructed the "Monroe County Attorney's Office [to] ascertain the full name of the Jane Doe Defendant [that Santiago] seeks to sue." *Id.* The Court did not construe the amended complaint to raise a claim against the County itself. In March 2017, the County identified Nurse Odell as the "nurse on duty" at the time Santiago was booked into the Monroe County Jail. ECF No. 15 at 1.

In February 2020, Santiago obtained counsel. ECF No. 72. On April 20, 2020, Santiago moved for leave to file an amended complaint to, *inter alia*, add the County as a defendant. ECF No. 77. In May 2020, Magistrate Judge Pedersen granted the motion. ECF No. 81. On June 5, 2020, Santiago, with the assistance of counsel, filed a second amended complaint, which is now the operative complaint in this action. ECF No. 82. Against Nurse Odell, Santiago brings one claim for deliberate indifference to his medical needs. *Id.* at 18-19. Against the County, Santiago

4

brings one claim for municipal liability under *Monell* arising from his inadequate medical care at the jail.[1]  *See* ECF No. 82 at 21-24.

## DISCUSSION

The County moves for judgment on the pleadings on the grounds that it was "joined to the action after the applicable statute of limitations had expired" and that the second amended complaint fails to state a claim against it.  ECF No. 113-3 at 4.  Because the Court agrees with the latter argument, it need not address the former.

"To prevail on a 42 U.S.C. § 1983 claim against a municipality, a plaintiff must show that a municipal policy or custom caused the deprivation of his constitutional rights." *Plair v. City of New York*, 789 F. Supp. 2d 459, 468 (S.D.N.Y. 2011).  "A municipality may not be held liable under § 1983 on the basis of respondeat superior."  *Id.*  "A plaintiff can establish an official policy or custom by showing any of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised 'deliberate indifference' to the rights of the plaintiff and others encountering those subordinates." *McLennon v. City of New York*, 171 F. Supp. 3d 69, 94 (E.D.N.Y. 2016).

---

[1] Arguably, the second amended complaint could be read to include a second claim against the County.  The "Fifth Claim for Relief" is alleged against "All Defendants" based on their deliberate indifference to Santiago's need for medical treatment.  ECF No. 82 at 18-19.  Insofar as "*Monell* prohibits a finding of liability" absent "a showing of a causal link between an official policy or custom and the plaintiffs' injury," if Santiago intended to bring the fifth claim against the County, it would fail for the reasons discussed herein.  *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983).

"Although there is no heightened pleading requirement for complaints alleging municipal liability under § 1983, a complaint does not suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and brackets omitted). "To survive a motion to dismiss a municipal liability claim, a plaintiff must allege facts tending to support, at least circumstantially, an inference that a municipal policy or custom exists." *Id.* at 95 (internal quotation marks and ellipsis omitted); *see also Cruz v. Vill. of Spring Valley*, No. 21-CV-2073, 2022 WL 428247, at *6 (S.D.N.Y. Feb. 11, 2022) (collecting cases). Put simply, to allege "there is a policy does not make it so." *Vassallo v. City of New York*, No. 15-CV-7125, 2016 WL 6902478, at *14 (S.D.N.Y. Nov. 22, 2016).

In this case, Santiago has not plausibly alleged the existence of a municipal policy or custom. The bare assertions of County policies and customs listed in Paragraphs 162-72 of the second amended complaint are entirely conclusory. Courts have found similar assertions insufficient to pass muster for purposes of a motion to dismiss, whether that be, for example, Santiago's claim that County knowingly tolerated substandard medical care at the jail, ECF No. 82 ¶¶ 167-68; *see Isaac v. City of New York*, No. 17-CV-1021, 2018 WL 1322196, at *6 (S.D.N.Y. Mar. 13, 2018) (*de facto* policy not plausibly alleged where plaintiff merely asserted that "the City of New York has been aware of the routine, dangerous, and constitutionally inadequate medical care [in its jail]"); that the County refused to permit detainees to be transferred to medical facilities, *Rowles v. Doe*, No. 19-CV-6933, 2021 WL 3946291, at *3 (W.D.N.Y. Sept. 3, 2021) (Plaintiff's allegation that "jail doesn't provide medical care for federal inmates" did not withstand motion to dismiss because it was "too conclusory to plausibly allege a claim for municipal liability against the County"); that the County had a policy of "inadequately supervis[ing] and train[ing] its

6

personnel at the Monroe County Jail," ECF No. 82 ¶ 166; *see, e.g.*, *LaPietra v. City of Albany Police Dep't*, No. 19-CV-1527, 2020 WL 5891888, at *11 (N.D.N.Y. Oct. 5, 2020) ("Plaintiffs' conclusory allegations that Albany County failed to train and supervise [the individual] defendants, without supporting factual allegations, fails to state a *Monell* claim against Albany County that is plausible on its face." (internal citation omitted)); or that the County allowed its patient-referral policies to be "deficient or improperly implemented." ECF No. 82 ¶ 163; *see Lopez v. City of New York*, No. 15-CV-1650, 2017 WL 213243, at *4 (S.D.N.Y. Jan. 10, 2017) (finding "boilerplate and conclusory" the plaintiff's allegation that the municipality "allowed a[n] [unconstitutional] policy or custom to be implemented and carried out[] or practiced within its police department").

Similarly, the County's alleged failure to discipline Nurse Odell after the incident does not, standing alone, amount to a plausible allegation that the County "persistent[ly] fail[ed] to discipline subordinates who violate civil rights" so as to "give rise to an inference of an unlawful municipal policy of ratification of unconstitutional conduct within the meaning of *Monell*." *Batista*, 702 F.2d at 397; *see* ECF No. 82 ¶ 170. Indeed, Santiago fails to provide facts plausibly showing a causal connection between the lack of medical care during his detention and the County's subsequent failure to discipline Nurse Odell *after* his release. *See Batista*, 702 F.2d at 398.

What Santiago does allege in some detail is the underlying misconduct itself, namely, that Nurse Odell did not give adequate medical care during the examination and that, thereafter, jail personnel failed to take any other action in response to Santiago's continued claims of pain and discomfort. ECF No. 82 ¶¶ 61-68. But these alleged constitutional violations "do not support a *Monell* claim" absent plausible allegations of a "custom or policy pursuant to which those

violations occurred." *Cotto v. City of New York*, 803 F. App'x 500, 504 (2d Cir. 2020) (summary order); *see also Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy.").

Accordingly, Santiago has failed to plausibly allege the existence of any policy or custom that would subject the County to *Monell* liability, let alone a causal connection between that policy or custom and the underlying denial of medical care.

In opposition, Santiago, acting *pro se*, alleges that the County is liable by virtue of the contractual relationship it had with the staffing agency which employed Nurse Odell.  *See* ECF No. 140 at 4.  But, as stated above, theories of "[r]espondeat superior and vicarious liability are inapplicable in cases brought [against municipalities] pursuant to 42 U.S.C. §[] 1983." *Wells v. Yale Univ.*, No. 10-CV-2000, 2011 WL 3328724, at *2 (D. Conn. July 28, 2011).  Therefore, dismissal is appropriate.

## CONCLUSION

For the foregoing reasons, the County's motion for judgment on the pleadings (ECF No. 113) is GRANTED.  The Clerk of Court shall terminate the County as a defendant.

IT IS SO ORDERED.

Dated: March 23, 2022
       Rochester, New York

                                                  _____
                                                  HON. FRANK P. GERACI, JR.
                                                  United States District Judge
                                                  Western District of New York