UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CARLOS A. SANTIAGO,

                                Plaintiff,              DECISION AND ORDER
                                                                                         14-CV-6719 FPG/MJP
vs.

OFFICER SHAWN JORDAN and RN
JEANANNE ODEL,

                               Defendants.

_____

**Pedersen, M.J.** This decision and order addresses Plaintiff's *pro bono* representation and requires that either Plaintiff or Defendants make a motion pursuant to Federal Rule of Civil Procedure 16 to further extend discovery. If no such motion is made by November 15, 2022, the undersigned will inform the District Judge that the case is ready for a pretrial conference.

*First Retained Lawyer Moves to be Relieved*

On October 25, 2017, John R. Parrinello, Esq., entered his appearance on behalf of Plaintiff. (Notice of Appearance, ECF No. 19.) He represented Plaintiff until he was forced to move to withdraw. (Mot. to Withdraw, May 29, 2019, ECF No. 49.) In his motion to withdraw, counsel wrote:

> 2. On May 8, 2019, I received an Amended Scheduling Order from this Court directing me to advise the Court and Counsel for Jeananne Odel whether or not we were going to continue with the lawsuit against Ms. Odel by May 14, 2019.
>
> 3. I advised my client of the Order.

1

> 4. The first meeting that Mr. Santiago and his significant other were available was on May 15, 2019, when we meet to discuss the Odel issue, but they had to leave early to pick up their child. We rescheduled for May 16, but they had to cancel. We met on May 17, 2019 for over an hour at which time I advised my client that having reviewed everything it was my opinion that we should discontinue the lawsuit against … Ms. Odel and instead depose her as a third party witness which, in my opinion, would support the claims against Officer Shawn Jordan and to avoid complicated issues of law.
>
> 5. On May 17, 2019 my client and his significant other disagreed and in a somewhat controversial discussion, my client insisted that I go forward with the lawsuit including Ms. Odel. I disagreed. they said they were going to research the issue regarding Ms. Odel and left.
>
> 6. Because I had not responded to the Court's Scheduling Order by May 14, 2019, directing me that I inform the Court and Ms. Odel's attorney whether Ms. Odel was going to remain a party by May 14, 2019, I called Mr. DeFrancesco to inform him that I had discussed dropping the lawsuit against his client and that my client was insisting that we go forward contrary to my advice. …
>
> 8. At this time, I feel that there are unresolvable, irreconcilable differences between myself and my client so that it is necessary for me to be relieved as his counsel in this case.

(Parrinello Aff. ¶¶ 2–6 & 8, ECF No. 49.)

### *Second Retained Lawyer is "Fired" by Plaintiff and his Fiancée*

On February 14, 2020, Chad A. Davenport entered his appearance on behalf of Plaintiff (ECF No. 72). On November 12, 2020, Plaintiff sent the Court a letter asking the Court "to order to remove Chad A. Davenport, as well as Rupp, Baase, Pfalzgraf Cunningham, LLC, as counsel.…" (Letter from Carlos Santiago to the Court (Nov. 12, 2020), ECF No. 104.) The firm had been retained by Plaintiff in or about May 2020; therefore, the Court could not excuse the firm without a motion to withdraw.

On January 29, 2021, the Court entered an amended scheduling order in this case providing that discovery would be completed by April 30, 2021. (Am. Scheduling

2

Order, ECF No. 110.) Following entry of that order, the Court scheduled a case management conference for April 5, 2021. (Calendar Event, Mar. 19, 2021.)

Three days later, Plaintiff's counsel, Mr. Davenport, moved to withdraw. (Mot. to Withdraw, Mar. 22, 2021, ECF No. 111.) In his supporting affidavit filed on the docket, counsel related the following:

> 4. Our decision to withdraw as counsel of record was made after the plaintiff submitted a motion to withdraw on November 12, 2020....
>
> 5. Our office therefore reached out to counsel for the defendants to prepare a stipulation that would allow us to withdraw as counsel. Each of the attorneys for the defendants consented to our withdrawal....
>
> 6. Our office then reached out to the plaintiff in an attempt to secure his signature to properly execute the stipulation in accordance with Local Rule 83.2. The plaintiff did not respond to our communication attempts.
>
> 7. This Court denied the plaintiff's motion to withdraw. During the status conference on January 27, 2021, Melissa Laffredo, the plaintiff's fiancé, told the Court that the plaintiff wished to discuss with me a plan to represent him for the duration of this matter.
>
> 8. I honored that request. I communicated with the plaintiff our intention to represent him in this matter, and that we would need the file back to do so.
>
> 9. I conveyed to the plaintiff multiple times our need to have the file to fulfill our discovery obligations and adequately represent him. The plaintiff told me at first that he would drop off the file at our office, but after nearly two months has not done so and recently indicated that he has no intention to give us back the file materials.
>
> 10. At this time, I fee[l] that there are unresolvable, irreconcilable differences between our office and the plaintiff. It is therefore necessary for the Court to relieve myself and Mr. Davenport as his counsel in this case.

(Davenport Decl. ¶¶ 4–10, ECF No. 111-1.) On April 20, 2021, the Court permitted counsel to withdraw. Plaintiff did not appear for the conference and the Court issued

3

an order to show cause why the case should not be dismissed. The Court accepted Plaintiff's excuse and set another case management conference for July 22, 2021. (Text Order, Jul. 9, 2021, ECF No. 120.)

***Plaintiff Rejects First Pro Bono Lawyer***

On July 22, 2021, Plaintiff requested appointment of *pro bono* counsel. (Letter Mot., ECF No. 122.) After reviewing a financial affidavit, and holding a hearing, the Court granted Plaintiff's request and appointed limited *pro bono* counsel to assist with the completion of discovery. (Decision and Order, Aug. 31, 2021, ECF No. 132.) The Court identified experienced counsel and informed Plaintiff it would appoint him. However, on October 21, 2022, Plaintiff and his fiancée filed a 23-page document titled "Permission for Expedited Hearing on Appointment of Pro Bono Counsel" (ECF No. 134). In that paper, Plaintiff and his fiancée wrote:

> We, Carlos A Santiago and Melissa A Laffredo, Plaintiffs, Pro Se In Forma Pauperis, Are asking if it pleases the court to be granted an expedited hearing in the matter of our appointment of pro bono counsel. We received a letter informing us that Mr. Wolford Esq., was going to be our appointed pro bono counsel. We phoned judges chambers and stated that it was a conflict of interest because his daughter is Elizabeth Wolford, Chief Judge, in our United States District Court, Western District of New York. We also spoke with Amanda Williams, Pro Bono Program Administrator, in Buffalo, New York. She stated that if we had an issue with the attorney we didn't have to sign the papers for the appointment of counsel, we had until October 21, 2021, which is today to decide if we agreed to Mr. Wolford as our Pro Bono counsel. However we received a letter yesterday which was 20 October 2021 We phoned Ms. Williams immediately spoke to her in depth regarding the new attorney that is up for the appointment of Carlos and I for these cases and his name is Roy Mura. We researched Mr. Mura's Law Firm and found that there is a gentleman named William Lorenz Jr who does civil litigation of the sorts, civil rights violations he does have this experience. We asked if we would be only working with Mr. Mura or we were going to be working with this gentleman also because he is part of his law firm. we would be going to make a decision whether or not we were going to

4

sign for the appointment of pro bono counsel, no later than Nov 15, 2021. Also that letter stated that Mr. Wolford had a conflict of interest with the defendants which is questionable because we called Ms Williams with the original statement of conflict of interest. From the beginning with and Now, oh yes, he is no longer going to be appointed as our attorney, AS HE IS THE ONE NOW WITH THE CONFLICT OF INTEREST, as Ms Williams stated that Honorable Peterson you yourself hand selected Roy Mira spoke to him and then she phoned him and made sure that there was no conflict THIS TIME, and that he accepted the appointment to be our a pro bono counsel in these matters and then we phoned Judges Chambers, AGAIN, yesterday left a message and stated that we had a few questions. We spoke to Nathan this morning and he called us back and said that he and Ms. Williams do not have ANY say so as to who we are appointed AND AGAIN OUR question was is that if you, yourself, are Honorable Pedersen? AND you hand selected Mr. Mura as Carlos and I, OUR pro bono appointment of counsel then why if and since, he does not have any civil litigation civil rights background AND?OR one of his law firm members does? and if you were appointing him to us then we first asked on May 30 of 2019. the first time Carlos had asked for representation that we were working with Anna Marie Richmond, I spelled her name wrong and I put Richardson on it is referring to document number 56 in case number 614 CV 6719 in front of Honorable Feldman prior to you being appointed as the magistrate, as he did retire., and other documents included was entered into the docket on September 27, 2019 and then was 59 filed on October 30, 2019 than November 15, 2019 and also our status conference that we spoke, you, Honorable Pedersen, and Carlos, Melissa, Noone, et al.. .. We are including the testimony from when we spoke and I had asked for Anna Marie Richmond to be appointed to Carlos and I as pro bono counsel are referring to pages 26-page 30. May we be granted an expedited hearing/conference as soon as possible, that would be such a wonderful, BLESSING, as we all can get to the absolute truth. In such forthrightness, if you do make the appointment, as you ask an attorney to take the appointment, we would like AGAIN, and AGAIN, AGAIN, please Anna Marie Richmond, ESQ. Lafayette Building, Buffalo, NY., to be our appointed pro bona counsel as she has had many successes in the United States District Court Western District of New York SPECIALIZING IN CIVIL RIGHTS VIOLATIONS, 42 USC 1983 POLICE MISCONDUCT, for police misconduct, excessive force and civil rights violations as she is on a pro bono wheel, AMONG OTHER THINGS AND HER ACCREDIDATIONS. WE speak for OURselves as she was our help in the PRO SE Department are back in September 2019 she did help us put together our first day of interrogatories and document requests that we had sent to Patrick Beath for the city of

5

> Rochester, SHAWN JORDAN 614CV6719 so if you could please grant us an expedited hearing so we can RECEIVE THE CORRECT LAWFUL TRUTHFUL APPOINTMENT of ProBono COUNSEL, respectfully, with GOD
>
> We are asking if it pleases the court, have a very blessed day!

(Pl.'s Mot. 1–2, ECF No. 134.)

### *Plaintiff and his Fiancée Reluctantly Accept Second Pro Bono Lawyer*

Although the simple fact that *pro bono* counsel would have been related to one of the judges in the Western District of New York, would not have been a conflict, the Court nevertheless considered Plaintiff's and his fiancée's concern. Mr. Mura volunteered to take the case *pro bono*. Thus, it was not until November 18, 2021, that the Court appointed Roy Mura, Esq., as *pro bono* counsel to assist Plaintiff with discovery. (Order, ECF No. 136.) William Lorenz, Jr., Esq., of the Mura firm filed a notice of appearance on December 7, 2021 (ECF No. 137). Mr. Lorenz left the Mura firm and Mr. Lorenz filed a notice of withdrawal on July 5, 2022 (ECF No. 144).

### *The November 3, 2022, Contentious Court Conference*

On September 14, 2022, Plaintiff requested that the Court schedule a hearing, stating that "I have not heard from the Mura Law Group since I last contacted the courts, which said Mr. William Lorenz, Jr. withdrew from my cases." (Letter from Carlos Santiago to the Court, ECF No. 145.) The Court held a case management conference on November 3, 2022, in the courtroom. Mr. Mura appeared and informed the Court that Plaintiff refused to accept any communications from Mr. Mura unless it was via U.S. Mail or by telephone. Mr. Mura preferred to use email; the Court reached a compromise with counsel and Plaintiff. The Court asked Plaintiff what else

6

he wanted to discuss, and Plaintiff turned to his fiancée and asked her to represent his views to the Court.

Immediately after that, Plaintiff's fiancée asked about an earlier case of hers and Plaintiff's that had been dismissed at the District and Court of Appeals levels. (*Santiago et al. v. City of Rochester et al.*, No. 19-CV-6859-FPG-MJP.) The Court carefully reviewed the docket in that case and informed Plaintiff's fiancée that the Court of Appeals dismissed their appeal because the notice of appeal had been untimely. The Court read the relevant portion of Federal Rule Appellate Procedure 4. Plaintiff's fiancée loudly asked whether she was supposed to know about Rule 4, to which the Court responded yes. She then stood up and loudly exclaimed, "Well, that's YOUR rule!" and began to leave the courtroom. The Court explained that the appellate rules were promulgated by the Supreme Court and approved by Congress, but Plaintiff's fiancée was already headed out the courtroom door.

This exchange, along with the background of Plaintiff's and his fiancée's troubled relations with lawyers, both retained and appointed, led the Court to conclude that Plaintiff's fiancée would like to represent Plaintiff in this case, and Plaintiff will not accept services of a *pro bono* lawyer unless his fiancée can direct the representation. The Court then asked Mr. Mura if he wanted to be relieved of his *pro bono* assignment, to which he responded that he did.

### *Anna Marie Richmond, Esq., Is Plaintiff's and his Fiancee's Preferred Pro Bono Counsel*

Both Plaintiff and his fiancée have asked for the appointment of Anna Marie Richmond, Esq., of Buffalo, New York. The Court has learned that Ms. Richmond is

7

out of the office until after November 8, 2022. In the event Ms. Richmond is willing to accept a limited *pro bono* assignment in this case, and possibly the companion case, for the purposes of completing discovery, the Court will send her a letter along with a copy of this Decision and Order.

Plaintiff and his fiancée are free to hire any counsel they desire, but with respect to *pro bono* counsel, the history outlined above convinces the undersigned that other than counsel voluntarily willing to take the case, Plaintiff's prior treatment of his retained and *pro bono* lawyers does not recommend appointment of further *pro bono* counsel. *See Barnes v. Alves*, 10 F. Supp. 3d 382, 385 (W.D.N.Y. 2014) ("volunteer lawyer time is a valuable and limited commodity, and it should only be utilized for the most deserving cases.") *Barnes v. Alves*, 10 F. Supp. 3d 382, 385 (W.D.N.Y. 2014) (citation omitted).

***The Amended Scheduling Order Dates Have Passed***

The dates in the last amended scheduling order docketed at the beginning of 2021, have expired. No party has moved to extend the dates, or given the good cause required by Rule 16.

## CONCLUSION

Accordingly, the Court hereby orders:

Mr. Mura and his firm are relieved from representing Plaintiff;

Plaintiff and Defendants must make a motion **not later than November 15, 2022**, pursuant to Federal Rule if Civil Procedure 16 to further extend the time for discovery;

8

Absent a motion to further extend discovery, the undersigned will inform the District Judge to whom this case is assigned that the matter is ready for trial.

IT IS SO ORDERED.

DATED: November 7, 2022

                                                  MARK W. PEDERSEN
                                                  United States Magistrate Judge