UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**Carlos A. Santiago,**

      Plaintiffs,

v.                                        14-cv-6719-FPG-MJP

**Nurse Jeanne Odel,**

      Defendant.

**DECISION and ORDER**

Plaintiff Carlos A. Santiago, proceeding *pro se*, asks the Court (1) for its "immediate intervention to compel discovery" and (2) for an extension of deadlines to permit additional discovery, including responses to Plaintiff's discovery demands. (ECF No. 199, Sept. 11, 2024; Pl.'s First Set of Interrogatories, ECF No. 197, June 21, 2024.) Defendant Jeanne Odel responded. (ECF No. 201, Sept. 18, 2024.) Having reviewed the parties' submissions, the Court **ORDERS** that Plaintiff's requests are **DENIED** for the reasons that follow. The Court will not compel Defendant Odel to respond to any outstanding discovery requests. Plaintiff had ample time to pursue discovery. This case will proceed to dispositive motions, which are due by December 2, 2024.

*First*, the Court agrees with Defendant that Plaintiff's discovery requests are untimely. Plaintiff served interrogatories and other discovery requests just days before the close of discovery for Defendant on

June 28, 2024. (Ninth Am. Scheduling Order ¶ 1, ECF No. 196, May 29, 2024 ("Plaintiff is permitted to obtain discovery from Defendant Odel until June 28, 2024.").) The weight of authority in this Circuit establishes that when service of new requests is within 30 days of the close of discovery, those requests are untimely. *See, e.g., Cardew v. New York State Dep't of Corr. & Cmty. Supervision*, No. 21-CV-6557-CJS-MJP, 2024 WL 3647784, at *2 (W.D.N.Y. Aug. 5, 2024) (noting that this Circuit's "weight of authority establishes that when service of new requests is within 30 days of the close of discovery, those requests are untimely"); *Siemens Indus., Inc. v. Great Midwest Ins. Co.*, No. 1:23-CV-05046 (JHR) (SDA), 2024 WL 3305602, at *3 (S.D.N.Y. June 4, 2024) ("Failure to serve discovery requests within the time prescribed for responses is sufficient to deny those requests as untimely."); *Joye v. Psch, Inc.*, No. 14CIV3809ATHBP, 2016 WL 3141659, at *4 (S.D.N.Y. June 3, 2016) (collecting cases); *Pullano v. UBS/Paine Webber, Inc.*, No. 03-CV-6313, 2007 WL 9779148, at *4 (W.D.N.Y. Mar. 21, 2007) ("Finally, plaintiff's motion to compel responses to his First Set of Interrogatories is also denied. Rule 33(b)(3) allows a party thirty days to respond to interrogatories, however, plaintiff's interrogatories were untimely served less than one month prior to the discovery deadline.").

*Second*, the Court finds that Plaintiff cannot show good cause to extend deadlines. Plaintiff's request lacks diligence. (Ninth Am.

2

Scheduling Order ¶ 1, ECF No. 196 ("The Court will deny any extension request that fails to show diligence. '[A] finding of good cause depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)'" (emphasis removed)).)

Here, two relevant deadlines have passed that Plaintiff would need to extend: The deadline for discovery from Defendant and the deadline for motions to compel. The scheduling order provided a deadline of June 28, as noted, and a deadline of July 1, 2024, for motions to compel. (Ninth Am. Scheduling Order ¶¶ 1 & 3, ECF No. 196.) And the scheduling order also unambiguously stated: "When seeking an extension of any deadline in this scheduling order, the parties must file a motion, or letter motion, before the deadline that shows good cause. Absent truly exceptional circumstances, any motion for an extension shall be made at least one week before the deadline to be extended." (*Id.* ¶ 6(a) (emphasis removed).) Thus, Plaintiff was on notice from late May when the Court issued the ninth amended scheduling order about (1) the deadlines for discovery and motions to compel and (2) the court-ordered method for asking for an extension of time.

Courts decline to find good cause because of a lack of diligence if the party "knew, or should have known" steps it needed to take "in advance of the deadline sought to be extended." *Smith v. Bradt*, 329 F.R.D. 500, 505 (W.D.N.Y. 2019). Here, despite notice of the deadline for

discovery and motions to compel, and the method for extending those deadlines, Plaintiff did not ask this Court to compel discovery and for an extension until months after both deadlines lapsed. *See Shemendera v. First Niagara Bank N.A.*, 288 F.R.D. 251, 253 n.3 (W.D.N.Y. 2012) (declining to extend deadlines where counsel did "little or nothing to schedule depositions" until shortly before the deadline).

Significant for this case, courts will deny even *pro se* plaintiffs an extension of deadlines if the *pro se* plaintiff was on notice that he or she needed to request an extension (or make a motion) before the applicable deadline. *See, e.g., Essani v. Earley*, No. 13CV3424JMASIL, 2018 WL 3785109, at *7 (E.D.N.Y. Aug. 9, 2018), *report and recommendation adopted*, No. 13CV3424JMASIL, 2018 WL 4100483 (E.D.N.Y. Aug. 28, 2018); *Case v. Clivilles*, No. 12-CV-8122 (TPG), 2016 WL 5818577, at *4 (S.D.N.Y. Oct. 4, 2016). On this record, the Court concludes that Plaintiff cannot meet his burden of establishing the good cause needed to extend deadlines for the tenth time. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

[Remainder of page intentionally blank.]

## CONCLUSION

The Court **DENIES** Plaintiff's request for an extension of deadlines. Discovery in this case is now closed. And so, the Court will not (and cannot) compel Defendant to respond to discovery requests. Dispositive motions are due by no later than December 2, 2024. Finally, any appeal of this order must be taken pursuant to Fed. R. Civ. P. 72(a).

**SO ORDERED.**

Dated: September 20, 2024
Rochester, NY

*/s/ Mark W. Pedersen*
MARK W. PEDERSEN
United States Magistrate Judge